### J. C. MEEKINS v. C. E. TATEM.

#### Exceptions — Practice.

1. In order to obtain a review by this Court of proceedings in the in-
'ferior tribunals, the exceptions taken in the Courts below must be
distinctly pointed out, together with the facts upon which they de-
pend.   This Court will not search for error through obscure and vo-
luminous records.

2. The only exceptions to this rule in civil causes are where there is
a want of jurisdiction, or where, upon the whole case, it is apparent
that the plaintiff is entitled to no relief.

PROCEEDING instituted under Bat. Rev. ch. 91, for pro-
cessioning land, heard on appeal at Spring Term, 1878, of
TYRRELL Superior Court, before *Furches, J.*

The processioner while running one of the lines was for-
bidden by the defendant to proceed further, and thereupon
he desisted and made report to the Probate Judge.   The
Probate Judge appointed five freeholders to appear with the
processioner on the premises and establish the disputed
boundary.   This was done, report made and confirmed, and
defendant appealed to the Superior Court.   On the hearing
of the cause the plaintiff moved that the defendant be re-
quired to file his exceptions, which motion the Court refused,
and then reversed the judgment of the Probate Judge and
remanded the case.   From this the plaintiff appealed to
this Court.

*Messrs. J. B. Batchelor* and *Mullen & Moore,* for plaintiff.
No counsel for defendant.

SMITH, C. J.   (After stating the case as above.)   The ap-
pellant " shall cause to be prepared a concise statement
of the case, embodying the instructions of the Judge as
signed by him, if there be any exception thereto, and the

requests of the counsel for instructions, if there be any exception on account of the granting or withholding thereof, and stating separately, in articles numbered, the errors alleged." C. C. P., § 301. Instead of this we have a meagre and unsatisfactory recapitulation of the several proceedings which constitute the record itself. No exceptions are taken, no errors pointed out, and no concise statement of facts to enable us to pass upon the correctness of the rulings of the Judge. All that the record discloses is the refusal of the Court to grant the plaintiff's motion, the reversal of the judgment of the Probate Judge, and the order remanding the cause. Why this was done, and whether there were sufficient grounds to warrant the order, do not appear. It may be that some of the proceedings were not in conformity to the requirements of the act, as interpreted by him, to give such conclusive effect in determining the title to land. We are left to grope our way through a voluminous record, and examine each part of it, and ascertain if every thing was regularly and legally done. We shall not enter upon this task. The well settled practice of this Court repeatedly announced is to pass only upon such exceptions as were taken in the Court below, and therewith the facts upon which they depend must be distinctly presented. The only exception in civil causes is where there is a want of jurisdiction, or where upon the whole case it is apparent that the plaintiff is entitled to no relief. We must therefore and for these reasons affirm the judgment.

No error.                                    Affirmed.