DANIEL WHISSENHUNT v. W. C. JONES and others.

*Landlord and Tenant—Practice.*

1. One who is admitted to defend in an action of ejectment, with or instead of, the tenant in possession, cannot set up any defence which is forbidden to the tenant, but stands in his place, with its accompanying rights and disadvantages.

2. Exceptions not apparent in the record, and which ought to have been taken and brought to the notice of the court below, will not be heard for the first time on appeal; and *therefore*, this court will not entertain an application for a new trial on account of the improper admission of testimony, or a defect of evidence on a material point, where the attention of the lower court was not called in apt time to the error complained of.

(*Belfour* v. *Davis*, 4 Dev. & Bat., 300; *Wiggins* v. *Reddick*, 11 Ire., 380, cited and approved.)

PETITION to Rehear filed by defendants and heard at January Term, 1879, of THE SUPREME COURT.

The errors assigned are stated by THE CHIEF JUSTICE in delivering the opinion. See same case, 78 N. C., 361.

*Messrs. R. F. Armfield* and *Johnnstone Jones*, for plaintiff.
*Messrs. G. N. Folk* and *J. G. Bynum*, for defendants.

SMITH, C. J. Two errors are specified in the petition to rehear :—

1. A misconception of the manner in which the defendant, Jones, became a party to the action, and the inference therefrom that he was, as landlord, identified with the other defendants in their defence and not entitled to notice.

The portion of the opinion to which this exception is intended to apply is in these words:

" Yount (an evident misprint for Jones) was allowed to come in and defend the action as landlord, and in such case

it is settled that no notice before bringing the action is necessary." Let us see if this statement is supported by the record. The entry on the docket at spring term, 1873, is as follows: "In this case W. C. Jones comes in and is made party defendant in the above case by consent of parties and files his answer." The second article in his answer then filed states that "he denies that he or the other defendants unlawfully withhold the possession of said land from the plaintiff, and avers that he is the owner of said land, and that *the defendants Mac Chester and Wesley Watson were his tenants,* and that Henry Yount never was in possession of said land."

In the case it is stated that the plaintiff for the purpose of estoppel introduced in evidence a deed from the sheriff of Caldwell to W. C. Jones, the defendant landlord, who came in and *made himself party as landlord of the other defendants.* It is thus apparent that the facts were correctly understood by this court at the former hearing, and the law properly applied to them. Besides the case cited in the opinion and commented on in the brief of defendants' counsel, we will refer to two others of the same import:—

In *Belfour* v. *Davis,* 4 Dev. and Bat., 300, the court say, that one who is admitted to defend in an action of ejectment with or instead of the tenant in possession, cannot set up any defence which is forbidden to the tenant, and that he *stands with, or in place* of the tenant, and is *entitled to his rights* and is *subject to his disadvantages.* The same doctrine is announced, and in the same language, in *Wiggins* v. *Reddick,* 11 Ire., 380.

2. The other alleged error consists in giving judgment against Jones for rents paid him by his co-defendants, in two particulars, (1) that there was no evidence that he received rents up to the time of bringing suit, and (2) that rent in kind cannot be followed into the hands of Jones and he be held liable therefor.

The case shows that all the issues desired by the defend-

ants' counsel in addition to those first prepared, were drawn up and the responses thereto agreed upon. No specific instructions were asked of the judge, and the counsel of both parties consented to let the jury pass on the annual damages, so that the court could award the damages to the time when the summons issued, or up to the trial as the court might decide to be recoverable; the defendants' counsel reserving the right to except to the giving of damages up to the date of trial. The plaintiff was not allowed any rent or damages for the year when by his consent the other defendants accounted therefor to Jones.

No exception seems to have been taken in the court below to the want of evidence that the rents were received by Jones up to the time when the action was commenced; nor was any separate finding asked for as to him. The defence set up in the answers and relied on was one and the same for all the defendants, and the trial was conducted on the idea of an equal and common responsibility to the plaintiff.

We have repeatedly declared that exceptions not apparent in the record, and which ought to have been taken and brought to the notice of the court below, will not be heard here for the first time. The reason for the rule is obvious. The case containing a statement of facts is presumed to have been prepared to present for review such exceptions only as are therein set out, with the facts necessary to their being understood and no others.

It is not proposed to follow the rent in kind, as a specific fund, belonging to the plaintiff and passing from the hands of one wrong-doer to another, but to charge them all with a fair rent for the time they have been in possession of the premises appropriating the profits to their own use. As these are the only errors complained of and pointed out in the petition, we are restricted by the rules of practice from noticing any others suggested in the argument of counsel.

As among the defendants, one of them has received the

·rents and applied them to his own benefit, and he is equally liable ·as the others ; it is just and proper, and in ·accord with our present system of procedure that he should be held primarily liable for them.

No error.      ·      Petition refused.