BANK OF STATESVILLE ·v. S. P. GRAHAM and others.

*Exceptions on Appeal—Sales under Execution.*

1. No exception can be taken in the supreme court in a civil case which does not appear to have been taken below, except for want of jurisdiction, or that upon the whole case the adverse party is not entitled to relief.

2. Upon a sale of land under execution regularly issued in favor of a plaintiff corporation, the land brought enough to pay off the judgment and costs, but the purchaser was not required to pay the amount of the bid, upon a mistaken belief that at least that much of the assets of the corporation would belong to the purchaser who received a deed for the land; the corporation was afterwards declared insolvent and placed in the hands of a receiver, who moved to set aside the sale, to cancel the receipt on ·the execution and annul the deed; *Held,* that in the absence of fraud (which was not alleged), the sale was regular and ought not to be set aside, and ·that the receiver's remedy, if any, was to pursue the land and charge it with the unpaid purchase money, as assets of the corporation.

(*Rimg* v. *King,* 4 Dev. & Bat., 164; *State* v. *Langford,* Busb., 436; *Meekins* v. *Tatem,* 79 N. C., 546; *Whissenhunt* v. *Jones,* 80 N. C., 348, cited and approved.)

MOTION to set aside return on execution, heard at August Special Term, 1879, of IREDELL Superior Court, before *Gudger, J.*

The bank of Statesville in the superior court of Iredell recovered judgment against the defendants, S. P. Graham, Milton Graham and H. P. Sharp, and sued out execution under which the sheriff sold for six hundred dollars, (a sum sufficient to pay the debt and costs) to the defendant Roxana Simonton, a tract of land belonging to one or both the defendants first named, and executed his deed to her therefor. The costs only were paid in money, and the resi‑ due of the price, under the direction of an attorney repre‑ senting, as we understand the case, both the plaintiff and the purchaser, was settled by endorsing satisfaction on the execution and a receipt given to the sheriff for the amount. This adjustment was made by the attorney under the belief that the bank was amply solvent, and there would be a large surplus after its debts were paid, belonging to the said Roxana, of which this was a payment in advance.

On motion of the receiver (of plaintiff bank) and after hearing the evidence, the court ordered that the receipt on the execution be set aside and annulled, and the sheriff's deed cancelled and surrendered to the defendant, S. P. Gra‑ ham. From this judgment all the defendants appeal.

*Mr. J. M. Clement,* for plaintiff.
*Messrs. G. V. Strong* and *Mason & Devereux,* for defendants.

SMITH, C. J., after stating the case. There are several exceptions taken in the brief of the appellant's counsel which is affixed to, and sent up with, the transcript which cannot be considered in this court because they constitute no part of the case on appeal and do not appear from the record to have been taken on the trial. We are enforcing a rule of long standing and repeatedly announced, in refusing

to allow exceptions in civil causes to be first taken in this court, unless for want of jurisdiction, or where upon the whole case the party is not entitled to relief. *Ring* v. *King*, 4 Dev. & Bat., 164; *State* v. *Langford*, Busb., 436; *Meekins* v. *Tatem*, 79 N. C., 546; *Whissenhunt* v. *Jones*, 80 N. C., 348, and other cases.

Let us then examine the case presented in the record: No objection is suggested or urged against the sale or the manner in which it was conducted, and it seems to have been in all respects regular and fair. The defendant to whom the land belonged not only makes no complaint, but with his co-defendants resists the order intended to annul and set aside the sale. His property has been taken and disposed of by an authorized officer of the law acting under proper process for the payment of the execution, and all the debtors are interested in having the proceeds applied in its discharge. Their right to this is manifest. The misappropriation of the fund by the sheriff, whether intentional or the result of mistake, cannot be allowed the effect of reviving an extinct liability, and exposing other property of the debtors, should the re-sale produce a less sum, to seizure and sale for the deficiency and the subsequently accruing interest and costs. This is a fatal obstacle in the way of granting the plaintiff's motion.

Suppose, however, the purchase money had been in fact paid to the sheriff, and by him to the plaintiff's attorney, and by the latter returned to the defendant, Roxana, would this invalidate the sale in the absence of fraud, (which is not alleged) and impair the debtor's right to have the execution satisfied and so returned? And is not this the exact result of what was done? If the receiver has an equity, it is not to have the sale and conveyance vacated to the injury of the debtors, but to pursue the land and charge it with the unpaid purchase money. To this extent the defendant, Roxana, has assets of the debtor bank, which belong to its creditors, and may perhaps be called on to restore

them. But the remedy lies not in the direction the plaintiff is pursuing.

The order must therefore be declared erroneous and reversed, and it is so ordered.

Error.                                                    Reversed.