MELVIN & MELVIN Adm'rs, v. CHARLES H. STEPHENS, Adm'r and others.

*Evidence—Equitable Defence—Payment.*

In an action against an administrator for the non-payment of a decree rendered at spring term, 1857, the defendant denied that there was such record and averred it was of spring term, 1856, and that he had paid the same; and the court having ruled that the record was of 1856

to which there was no exception, it thereupon became competent for the defendant to sustain his allegation of payment by the production of receipts which were dated after the actual decree but before the time of the decree as alleged by the plaintiff. And even if the receipts were anterior, they were available as an equitable defence.

(*Meekins* v *Tatem*, 79 N. C.; 546 ; *Covington* v. *Ingram*, 64 N. C., 123, cited and approved.)

CIVIL ACTION on an Administrator's Bond, tried at Spring Term, 1879, of BLADEN Superior Court, before *McKoy, J.* Judgment for defendants, appeal by plaintiffs.

*Mr. Robert. H Lyon*, for plaintiffs.
*Messrs. D. J. Devane* and *T. H. Sutton*, for defendants.

DILLARD, J.   The plaintiffs as administrators *de bonis non* of John Melvin, deceased, sue in this action on the administration bond of Charles H. Stephens as administrator of George Melvin, and allege a breach of the conditions of the bond in the non-payment of the sum of four hundred and thirty-three dollars and eighteen cents, with interests thereon and costs, adjudged in favor of the plaintiffs against the defendant Chas. H. Stephens, administrator aforesaid, by a decree of the court of equity for Bladen county at spring term, 1857, of said court.

The defendants for answer deny the recovery of a decree at spring term, 1857, or at any term of the court of equity of Bladen, against the defendant Stephens as administrator of George Melvin for four hundred and thirty-three dollars and eighteen cents, with interest on the same and for costs, and they deny that there is any record of the said supposed recovery remaining in the said court of equity in manner and form as the plaintiffs have in their complaint alleged ; but they admit that plaintiffs obtained a decree on or about fall term, 1855, of the court of equity of Bladen county, for four hundred and thirty-three dollars and eighteen cents, to

be paid to plaintiffs less the "taxed costs" to come out of the fund, and they aver that Stephens, the administrator of George Melvin, paid off the said decree soon after it was entered.

Upon the trial His Honor framed two issues, one involving the inquiry, whether the plaintiffs obtained a decree at spring term, 1857, for four hundred and thirty-three dollars and eighteen cents, with interest and costs; and the other, whether Stephens, the administrator of George Melvin, had paid off the said decree against the estate of his intestate; and as pertinent to the question, (when was the decree obtained?) the parties respectively produced not a transcript of the record of the equity cause, but merely informal entries or memoranda from the trial and minute dockets of the court of equity.

The plaintiffs to support their contention produced from the records of spring term, 1857, an entry composed of the title of the cause, with the memorandum opposite, "decree according to award," followed by the award of Warren Winslow and J. G. Shepherd; and the defendants on their part produced from the records of fall term, 1854, an entry composed of the title of the cause and the memorandum, "order of reference see minutes," followed by the reference drawn out on the minutes to Warren Winslow and J. G. Shepherd, and entries continuing the cause from term to term until spring term, 1856, when the record showed the cause stated by its title with the entry opposite, "exceptions to award filed, exceptions overruled, report confirmed," followed by an order on the minutes formally overruling the exceptions and confirming the report.

In this state of the record, the case states His Honor found the first issue in favor of defendants, by which we are to understand that he found the decree to have been obtained, not at spring term, 1857, as contended by plaintiffs, but at spring term, 1856, as insisted on by the defendants, and

no exception being taken to the action of His Honor, and no assignment of error made in relation thereto, no review according to the established rule of the court, can be had before us as to this point; and therefore we are to take it as a fixed fact that the decreew as obtained at spring term, 1856. *Meekins* v. *Tatem,* 79 N. C., 546. This conclusion of His Honor being announced, the plaintiffs asked leave to amend their complaint so as to declare upon the decree as set forth in the record of spring term, 1857. This was refused and the plaintiffs excepted.

No explanation is made of the particulars wherein the amendment was desired to be made, and we are unable to perceive why the leave was asked. It could not have been to declare, making the decree the foundation of the action as in an action of debt, for that would be a departure from the case made in the complaint and would in effect be a case constituted in court with a different cause of action and with a change of parties. We can conjecture no motive to amend, unless it be that whereas the complaint describes the decree as being for four hundred and thirty-three dollars and eighteen cents *with costs,* they desired to make it describe a decree for the same sum *less the costs,* to be paid out of the fund. If such was the object, no good could arise to plaintiffs from the amendment. It would be quite immaterial, as they were concluded by the decision of the judge fixing the time of the decree at spring term, 1856, to which they took no exception, and as to which no error is assigned. It is our opinion therefore that the refusal of amendment gave the plaintiffs no just ground of complaint.

In support of the defence of payment of the decree involved in the second issue submitted, the defendant Stephens offered in evidence two receipts, dated the 5th of August, 1856, executed by the then clerk and master of the court of equity in exact conformity to the terms of the award, which was confirmed at spring term, 1856, one being for the costs

in the equity cause, and the other for the residue of the four hundred and thirty-three dollars and eighteen cents. The plaintiffs objected to the admission of said receipts on the ground that they evidenced payment anterior to the decree of spring term, 1857, and the objection being overruled they excepted.

There could certainly be no error in receiving this evidence if the decree was obtained at spring term, 1856, as ruled by His Honor and not excepted to by the plaintiffs. In that case the receipts were of date subsequent to the decree and were relevant and fit and proper to be considered of by the jury in passing on the alleged payment. But a further error is assigned, in that, the court in its direction to the jury told them, that even if the decree in point of fact was obtained at spring term, 1857, as contended for by plaintiffs, if they should believe the amount thereof was paid prior thereto upon an agreement that the same was to be credited on the decree when entered, such payment would in law operate as a satisfaction and discharge of the decree.

Was not this exposition of the law correct? It is unquestionable that a judgment at law or a decree in equity is conclusive, that what they call for is due at its entry; and as a general rule it is inadmissible to go behind the same and show anterior payments or credits which ought to have been allowed, upon the principle that there may be an end to litigation. But in either case, if the party lost the benefit of such prior payments or credits through oppression, imposition, surprise, fraud, or a violation of a promise relied on, either express or implied, a court of equity would interfere and relieve against the wrong. Adams Eq., 419; Story Eq. Pl., § 428. In such case if a party had received the amount of a debt and afterwards took decree and sought to enforce a second payment of the same money, it would be regarded in equity as unconscionable, and the court even after decree enrolled, would entertain a bill to impeach the

original decree and relieve against the attempted injustice. And what could have been done in equity under our former system, may be done in some form under our present system of courts.

Since the adoption of the code of civil procedure, all legal and equitable powers being united in the same court, the jurisdiction to relieve and the mode of relief against the final decree of the late court of equity, are by a civil action in the superior court; and in that tribunal it was competent to the defendant to seek relief against the enforcement of plaintiffs' decree, by action in his name as plaintiff, as a substitute for the bill in equity to impeach an enrolled decree; or if sued as in this action, he was entitled under the provisions of the code to set up as many defences as he might have, whether heretofore denominated legal or equitable, or both, and to have such relief, affirmative or other, as might be legally authorized on the facts constituting his defence. *Covington* v. *Ingram*, 64 N. C., 123; C. C. P., §§ 102, 248; *Dobson* v. *Pearce*, 2 Kernan, (N. Y) 157; 4 Wait's Actions and Defences, 195.

There is no error and the judgment of the court below is affirmed. Let this be certified.

No error.                                      Affirmed.