JAMES M. CORBIN v. BERRY & McGOWAN.

*Supplementary Proceedings—Receiver—Appeal.*

1. Under the act of 1877, ch. 223, modified by the act of 1879, ch. 63, motions for the appointment of a receiver may be made before the resident judge of the district, or one assigned to the district, or one holding the courts thereof by exchange, at the option of the mover.

2. While it is the duty of a judge appointing a receiver under section 270, of the Code, to ascertain if other supplemental proceedings are pending against the judgment debtor, and if so, to notify the plaintiffs therein of all proceedings before him, yet a failure to do so does not require the reversal of an order appointing a receiver, where some of the creditors actually appear and make themselves parties, and all have an opportunity to interpose before the final distribution of the fund.

3. An appeal does not lie from an order that several defendants pay over a sum *in solido*, for that, such an order was not founded on a preliminary finding, on competent evidence, that the fund was under their joint control; since ample relief may be had by showing, in answer to a contempt rule against any individual debtor for not paying

over, that the property was not at his disposal; and especially is this so when no exception to the evidence in support of the order is made in the court below.

(*Meekins* v. *Tatem*, 79 N. C., 546; *Whissenhunt* v. *Jones*, 80 N. C., 348; *Bank* v. *Graham*, 82 N. C., 489, cited and approved.)

SUPPLEMENTAL PROCEEDINGS heard at Chambers in Newbern on the 31st of January, 1880, before *Seymour, J.*

The following creditors of the defendants, Reuben H. Berry and John McGowan, partners trading under the name and style of Berry & McGowan, to-wit, James M. Corbin, Wilson, Palmer & Co., P. T. George & Co., and Henry Welsh, after due preliminary steps of executions issued and a return of "unsatisfied" by the sheriff, applied to His Honor, A. S. Seymour, the resident judge of the second judicial district, for proceedings supplemental to execution, on or about the 26th of January, 1880.

The order of examination was issued as prayed for and served on the defendants, and by consent of the said creditors and the judgment debtors, the execution of the order was adjourned to the 31st day of January, at the chambers of His Honor in Newbern, when the parties appeared, and after objection made and overruled of a want of jurisdiction in His Honor over the proceedings, on the ground that he was assigned to hold the spring term of the courts in the 5th judicial district, the examination was proceeded with.

Upon the examination of defendants and other witnesses, (made a part of the judge's statement of the case of appeal) His Honor found as facts that the judgment debtors had on hand on the 1st of September, money and stock of the value of $11,750, that they had sold their goods at cost prices and that after deducting goods transferred to one Wolfenden at $4,200, claimed by the creditors to have been fraudulently assigned, and also for all debts paid, and family expenses, and a personal property exemption of $500 to

each of them, the defendants had in hand at the date of the institution of these preceedings $1,006 in money. And on motion of the creditors His Honor appointed W. G. Brinson receiver, with special duty to institute action to try the validity of the transfer of goods to Wolfenden, and ordered the defendants to pay over to him as receiver the sum of $1,006, so found in their hands as aforesaid.

From this judgment the appeal is taken, and from the statement of the case accompanying the record the material facts above stated appear ; and besides these facts, His Honor, at the requests of defendant, states his belief to be that other supplementary proceedings against the defendants were pending before the clerk at the institution of those begun before him, but that no evidence nor statement of the existence of such had been made at and during the trial before him.

*Mr. Wm. W. Clark*, for plaintiff.
*Messrs. Green & Stevenson*, for defendants.

DILLARD, J., after stating the case. Several exceptions were taken by the appellant in the argument before us, which do not appear from the record to have been taken in the court below, and we will not therefore consider them, but confine our consideration, according to the well established rule, to such exceptions as are stated in the case of appeal, and such as are allowable for the first time in this court, respecting a want of jurisdiction in the court, or where upon the facts of the case the party has no ground of relief. *Meekins* v. *Tatem*, 79 N. C., 546; *Whissenhunt* v. *Jones*, 80 N. C., 348, and *Bank* v. *Graham*, 82 N. C., 489.

Under this restriction of the appellate powers of this court, the first exception for our consideration is the one taken to the jurisdiction of His Honor, A. S. Seymour, over the supplementary proceedings in this case.

By the act of 1876–'77, ch. 223, jurisdiction was conferred in the matter of appointing receivers and granting injunctions upon the resident judge, while the one assigned to the district was absent therefrom, but with exclusive jurisdiction of such proceedings in the judge assigned to a district or holding courts therein by exchange, when he should be in the district, and by the act of 1879, ch. 63, the foregoing act was modified, so that such proceedings might be had either before the resident judge or one assigned to the district or one holding the courts there by exchange, at the pleasure of the party. Now this court taking judicial notice of the term of the courts, when holden, and by whom, knows that the last term attached to the fall circuit of the second district was held by Judge Avery in Wake, beginning on the first Monday in January, 1880, and necessarily ending the 24th of the month, and also that the first court of the spring terms, 1880, of the same circuit, to which Judge Gudger was assigned, was not held until the second Monday in February; so that there was an interval between the fall riding of 1879 and the spring riding of 1880, of sixteen days. During this interval and before Judge Gudger came into the district, His Honor, A. S. Seymour, the judge residing within the second district at Newbern, took cognizance of the supplementary proceedings and appointed a receiver in this case. It is manifest as it seems to us, that by the express allowance of these two statutes, Judge Seymour had jurisdiction, as he was the resident judge, and the time had not arrived for him to go into the fifth district, nor for Judge Gudger to come into the second district, and we therefore hold there was no error in overruling the defendants' exception on this point.

It was next objected, that supposing the jurisdiction to be in Judge Seymour, there were other creditors who had supplementary proceedings pending before the clerk, and that the appointment of the receiver, without notice to

them, was error.   The law. prescribes that there shall be but one receiver* of the property of a judgment debtor to prevent a conflict of authority between the courts having a concurrent jurisdiction over the subject; and upon the idea that the appointment of a receiver is a taking of the property into the hands of the court, it is held that such receiver holds not for the creditor only on whose application he is appointed, but for all others having similar proceedings, and hence it is provided that the judge making the appointment shall ascertain, if practicable, and notify all such creditors of the application for the appointment, and of all subsequent proceedings in relation to said receivership.   C. C. P., § 270.

Unquestionably it was the duty of the judge to ascertain who had pending proceedings, and to notify them to appear before him, and it appears from the statement of the case of appeal that several did appear and consented to have all the cases heard as but one case.   The judge acted upon the supposition that he had all before him who were interested, and if it were not so, the defendants knew the fact, and upon their examination or otherwise through their counsel, should have given information of others if any; and still they may protect themselves against such proceedings by motion in the cause pending before the judge, in analogy to the right of a creditor in a suit for the administration of assets of an estate after decree of account, to stop suits at law on their separate demands.   We therefore think the omission of the judge to ascertain all the creditors having pending supplementary proceedings does not require the reversal of the order appointing the receiver.

The only remaining exception which we still consider is founded on the form of the order directing the defendants to pay over to the receiver the money found to be in their hands.   The error is alleged to consist in that the order puts the obligation to pay jointly on the defendants, with-

out any finding or evidence of a joint holding or control of the funds. A sufficient answer is, that the judge finds as a fact that the defendants sold their stock of goods jointly at cost prices, and no question of joint liability in point of law or fact was made in the court bolow. Therefore, consistently with the established rule, no exception as to that could be taken for the first time here. But if it were advisable to consider of it, it is not seen that any injury can arise to either of the defendants, for, upon the supposition that either of them is unable to perform the order of payment to the receiver by reason of the fact that the funds may be in the hands of the other, and beyond his control, a day will be had to raise the sufficiency of such fact as cause against attachment for the contempt, on a rule to show cause which must necessarily be served before the attachment will be ordered. We must therefore declare our opinion to be that there is no error in the proceedings and order appointing a receiver in the court below, and this will be certified to the end that further progress be made according to law.

No error. Affirmed.