A. G. DAVIS v. J. T. COUNCIL et als.

*Evidence—Declarations—Fraud—Judge's Charge—Assignment of Error.*

1. In order to prove fraud the conversations of those who are charged as the perpetrators thereof, which accompany and explain the fraudulent acts, are admissible in evidence.

2. A witness who admits that he participated in the perpetration of a fraud, is impeached, and it is competent to ·corroborate his testimony by evidence of similar statements before made by him.

3. A purchaser from a fraudulent donee, in order to get a good title, must purchase without notice of the fraudulent character of his vendor's title.

4. An omission to give an instruction, which might have been proper had it been asked, cannot be assigned as error.

5. An instruction asked after the rendition of the verdict is not in apt time, and may be diregarded.

6. The only assignments of error, which do not appear in the case on appeal, which the Supreme Court will consider, are want of jurisdiction, and that the complaint does not allege a cause of action.

(*State* v. *Twitty*, 2 Hawks, 449; *Jones* v. *Jones*, 80 N. C., 246; *Young* v. *Lathrop*, 67 N. C., 63; *Worthy* v. *Caddell*, 76 N. C., 82; *Williams* v. *Kivett*, 82 N. C., 110; *Codner* v. *Bizzell*, *Ibid.*, 390; *Drake* v. *Drake*, *Ibid.*, 443; *State* v. *Hinson*, *Ibid.*, 597; *State* v. *Keath*, 83 N. C., 626; *Meekins* v. *Tatem*, 79 N. C., 546; *Williamson* v. *The Canal Co.*, 78 N. C., 156; *Bank* v. *Graham*, 82 N. C., 489, cited and approved).

CIVIL ACTION, for the recovery of land, tried before *Shepherd*, *Judge*, and a jury, at Fall Term, 1884, of the Superior Court of COLUMBUS county.

The land in controversy belonged to the defendant C. T. Davis, under whom the contestants in the action claim. The plaintiff claims his title from sales made by the assignee in bankruptcy of said C. T. Davis, and the assignee's deed therefor, made in February, 1882, and also by the assignee in bankruptcy of the defendant J. T. Council, to whom the said Davis had previously undertaken to convey, and the assignee's deed therefor, also executed in February, 1882.

The defendants, J. T. Council and Mary J. Council, his wife, claim the estate by virtue of a deed executed by the said Davis to the former in February, 1867, and subsequent deeds transmitting title to the latter, on whose behalf the plaintiff's right of recovery is resisted.

The case settled by the presiding judge, as upon disagreement and by consent of counsel, is thus stated :

The following issues were settled and agreed upon by counsel and submitted to the jury:

1. Is the deed from C. T. Davis to J. T. Council fraudulent? Answer—Yes.

. 2. Have the defendants and those under whom they claim been in the continuous, open and exclusive adverse possession of the lands described in the complaint for seven years next preceding the commencement of this action under known and visible boundaries and color of title?

Answer—No.

3. What was the annual value of said land?

Answer—$150.

There was no answer on the part of C. T. Davis, who was in possession of a part of the land under his mother-in-law, Larmia Young, to whom J. T. Council had executed a deed on the 10th of July, 1867, in trust, for the wife of Davis. Judgment by default, was rendered against him. It was conceded that at the time of the execution of the deed by C. T. Davis to J. T. Council, that said Davis was insolvent, and that J. T. Council knew of his insolvency at that time, also that the deed conveyed all the land of C. T. Davis, and that on the same date, Davis had executed a bill of sale for his entire personal property to said Council, the possession of which has never been changed.

C. T. Davis was introduced by the plaintiff, who, among other things, testified that one John Foy had obtained a judgment against him and one D. B. Melvin, his security, in the Superior Court of Bladen county, in April, 1867, for the sum of four hundred and sixty-five dollars and interest; that for the purpose of defeating the collection of this judgment and other indebtedness, he applied to J. T. Council for advice; that before this he had spoken to D. B. Melvin about this purpose, and that it was agreed between them that Davis should talk to Council about the matter for them both ; that he stated his and Melvin's situation to Council, and that Council advised that both witness and Melvin should convey their property to him absolutely, for the purpose of defrauding the judgment; that he (witness) agreed to the proposition, and executed deeds conveying all his real and personal

property to said Council for that purpose ; that before executing these deeds he communicated to Melvin all that had occurred between witness and Council, and that Council had said he would take care of both of them ; that Melvin a few days thereafter executed conveyances of all his property to Council for the same purpose ; and that the conveyances were antedated.

After this witness was cross-examined by the defendant, the plaintiff, for the purpose of corroborating C. T. Davis, introduced D. B. Melvin, and proposed to prove that he had the conversation with Davis as deposed to by him, and that in consequence of the same he applied to Council a few days afterwards; that Council advised him to execute conveyances of all his property to him, as Davis had done, for the purpose of defeating the judgment; that Council told him of a similar arrangement he had made for Davis, and of Davis's application to him; that, therefore, witness executed a deed conveying all of his property to Council for the purpose of defeating the Foy judgment; and that the conveyances executed by him to Council were antedated.

This was objected to by defendant, but the Court admitted the testimony for the purpose of corroborating Davis, and the witness testified to the above mentioned state of facts.    The defendant excepted.

The defendant introduced a deed dated August 24, 1872, from Mary J. Council, wife of J. T. Council, to Matthew Burney, conveying the land in controversy, and also a deed from J. T. Council, administrator of Matthew Burney, to Mary J. Council, dated August 26, 1874.

These deeds were introduced to show color of title, and there was evidence tending to show that Mary J. Council, through her tenants, entered under her deed and continued in adverse possession for seven years before the commencement of this action.    J. T. Council acted as the agent of his wife, Mary J. Council, in all of their transactions.    There were no instructions prayed for, and the Court charged the jury as to what constituted color of title, and what kind of possession was sufficient to constitute adverse possession.

There were no exceptions to the charge on these points, but after verdict the defendant excepted, because under the second issue, the Court failed to charge the jury that the title of a *bona fide* purchaser from a fraudulent grantee, who obtains his title from such fraudulent grantee prior to the title which a creditor of the fraudulent grantee had, ought to be preferred to the creditor of such fraudulent grantor, notwithstanding the fraud.

There was no evidence of the payment of any purchase money.

The jury found this issue in favor of the plaintiff.

The defendant moved for a new trial for the failure to charge the jury as stated in the exceptions, and for the admission of the testimony of witness Wilson.

The motion was overruled. There was judgment for the plaintiff, and the defendant Council appealed.

*Mr. W. A. Guthrie,* for the plaintiff.
*Messrs. Reade, Busbee & Busbee,* for the defendants.

SMITH, C. J. (after stating the facts). 1. The first exception presented in the record is to the ruling by which the witness Melvin, in order to corroborate the witness Davis, was permitted to testify to a conversation which passed between himself and Davis, and which had been given in evidence by the latter, as also to a conversation, consequent upon it, with the defendant, J. T. Council, showing the fraudulent arrangement planned and carried out to defeat the creditors of Davis.

The declarations proceed from parties to the action—those through whose agency the *feme* defendant acquires the title set up to defeat it. They are moreover facts that show the common intent, which shared in by both, enters into and vitiates the conveyance from one to the other. Fraud consists in acts done with an unlawful intent, and can usually be proved in no other way than by showing the accompanying conversation between those by whom it is perpetrated.

But the declarations are competent upon the ground in which they were admitted by the Court, to sustain the credit of the witness Davis. He was self-impeached, in the attitude in which upon his own testimony he stood before the Court, precisely as an accomplice in crime is, who confesses his own participation in it. The witness admits his purpose in making the deed was fraudulent, and the land was left out of his schedule when he went into the bankrupt Court to escape from his debts. His credit is thus impaired as effectually as if he were impeached by proof of contradictory statements, or by the manner of cross-examination, or otherwise, and it was clearly competent to sustain his impaired credit in any authorized and proper way allowed by law, and assure confidence in his present testimony in reference to the execution of the deed and its object.

It comes therefore clearly within the settled rule, which, when a witness's credit is impeached, permits proof of similar and consistent statements before made by him, to be introduced in support of his credit. This principle in the law of evidence has been too long and too often asserted by this court to admit of being called in question because of different adjudications elsewhere. From the case of *State* v. *Twitty*, 2 Hawks, 449, in which the opinion is delivered by the first Chief Justice of this court, through the numerous cases since decided, down to that of *Jones* v. *Jones*, 80 N. C., 246, the rule has been uniformly recognized and enforced in this court. It ought to be, and must now be, deemed the law in this State, until the General Assembly shall alter it.

2. There is no exception to the instructions given, none to the refusal to give any proposed. After the jury had passed upon the issues, exception was taken to the omission to charge that the title acquired by a *bona fide* purchaser from a fraudulent grantee, under a deed executed prior to the title obtained by a creditor of such fraudulent grantee, must prevail over the latter.

The answer to this objection is obvious.

1. It was not asked until after the rendition of the verdict, and, therefore, not in apt time to be given.

2. It is not pertinent to any of the issues before the jury.

3. It was not warranted upon any aspect of the evidence, since no consideration was shown, and for aught that appears, outside the recitals of the deed, it was voluntary.

4. The proposition itself is an imperfect statement of the principle of law, as it omits the material qualification, that such purchaser should not have had notice of the fraudulent character of the title of the party from whom he derives his. *Code,* §1548 ; *Young* v. *Lathrop,* 67 N. C., 63 ; *Worthy* v. *Caddell,* 76 N. C., 82.

The refusal to grant an instruction asked may be assigned for error—not an omission to give one which might have been proper if requested. *Code,* §412, par. 3.

The stress of the argument of the appellant's counsel was upon the plaintiff's want of title under the assignees' deed, because the sale was in disregard of the requirements of the bankrupt law, as shown in the case made before the Superior Court, and numerous cases were cited and commented on to show her deed to be a nullity.

But no such point is presented in the case, and its consideration cannot be entertained. We have repeatedly held that cases on appeal, in the nature of bills of exception, are understood to present only such errors as are assigned, and we cannot allow defects to be searched for and made grounds of complaint not contemplated in the appeal. As we have too often said to need repetition, the only other objections that can be considered, are to the jurisdiction of the court and that no cause of action is *contained in the complaint,* and to the complaint alone and its averments must this objection be directed. No such defect appears in the present complaint. We refer to a few of the authorities which are conclusive. *Williams* v. *Kivett,* 82 N. C., 110; *Codner* v. *Bizzell, Ibid.,* 390; *Drake* v. *Drake, Ibid.,* 443 ; *State* v. *Hinson, Ibid,* 597 ; *State* v. *Keath,* 83 N. C., 626.

Upon the matter of the last suggestion, we refer only to *Meekins* v. *Tatem,* 79 N. C., 546 ; *Williamson* v. *The Canal Co.,* 78 N. C., 156 ; *Bank* v. *Graham,* 82 N. C., 489.

We dismiss this part of the argument with the single remark that the practice ought to be understood, and it must be observed, as essential to the just and fair administration of the law in cases brought up for review. There is no error in the record, and the judgment must be affirmed.

No error. Affirmed.