*PETER SMITH et als. Trustees v. G. E. HEADRICK et als.

*Ejectment—Evidence—Declarations—Color of Title—Boundary.*

1. Evidence of declarations made *ante litem motam* to show private boundaries, proceeding from aged and disinterested persons since dead, are admissible.

2. It is not necessary to show the knowledge or means of information of such deceased declarant to make the declaration admissible. If such knowledge or means of information are not shown, it goes to the weight and not to the admissibility of such evidence.

3. Where the defendants' deed called for the south line of the plaintiffs' land, it must stop when such line is reached, although the distance called for in the deed would go beyond, and this is so, although the line called for is not a marked line.

4. In such case, the deed is not color of title for any land beyond the line called for.

---

*The Reporter does not think it necessary to print the plat accompanying the record, as the opinion is entirely intelligible without it.

SMITH *v.* HEADRICK.

(*Harris* v. *Powell,* 2 Hay., 349 ; *Fry* v. *Currie,* 91 N. C., 436 ; *Williams* v. *Kivett,* 82 N. C., 110 ; *Gilchrist* v. *McLauchlin,* 7 Ired., 310 ; *Cain* v. *McCrary,* 3 Jones, 496, cited and approved).

CIVIL ACTION tried before *MacRae, Judge,* and a jury at Fall Term, 1884, of DAVIDSON Superior Court.

The facts appear in the opinion.

There was a verdict and judgment in favor of the plaintiffs, and the defendants appealed.

*Mr. M. H. Pinnix,* for the plaintiffs.

*Mr. F. C. Robbins,* for the defendants.

SMITH, C. J. The plaintiffs, trustees, alleged themselves to be owners of the land described in their complaint, and entitled to recover possession of the small portion held by the defendants, under a claim of title thereto. The action was begun against Geo. Headrick in his lifetime, and is prosecuted since his death against the defendants, his executors, widow and heirs-at-law. The plat prepared by the surveyor and produced in evidence at the trial, represents the location of the respective tracts as claimed by the contesting parties, and the lines of the part in dispute between them.

The plaintiffs derive title under a grant for a tract of fifty-three acres, issued on November 4th, 1784, to John Billing and David Smith, whose location, as they contend, is represented in the plat as bounded by Pounder's creek and the dark lines FH, HI, IG. The defendants claim under a grant for fifteen acres, issued December 12, 1882, to Daniel Suring, which begins, as the case on appeal discloses, "at a point directly south of plaintiff's grant of 1784, and runs thence north to the line of the grant of 1784, and thence west on said line." The lines run by the surveyor commence at a stone, a corner formed by the dark and red lines, and then proceed by course and distance to I, K, and B, and along the red line to the point of starting. The controversy then is confined to the narrow strip lying between the red line AB and the dark line DE.

In locating the grant of 1784, the plaintiffs proposed to prove the declaration of one John Young, made when he was eighty years of age, and who was then dead, "that a certain hickory tree was one of the corners of that tract," pointing out its position, we infer, while it is not so stated in the record, since the declaration would be otherwise unmeaning. It was not shown where the declarant lived, nor what means or opportunities he had ever possessed for knowing the boundaries of the land.

The defendant objected to the reception of the offered evidence, "on the ground that it did not appear that the said Young ever had an interest in the said lands." The evidence was received, and this ruling presents the first exception to be considered.

A series of decisions commencing at the end of the last century—*Harris* v. *Powell's Heirs*, 2 Hay., 349—and running through the intermediate interval, to *Fry* v. *Currie*, 91 N. C., 436, determined at October Term, 1884, has fully established the doctrine of the admissibility of parol declarations to show private boundaries, when they proceed from aged and disinterested persons, since deceased, and are made *ante litem motam*. These are the three essential conditions to the competency of this form of hearsay, or traditionary evidence, in questions of disputed boundaries, as is said in *Williams* v. *Kivett*, 82 N. C., 110.

The objection that it must affirmatively appear before such declarations are received, that the person making them had such knowledge or opportunities of obtaining information of the location and boundaries of the land as would enable him to speak of them as facts, finds no warrant in the adjudications. The declaration itself presupposes such knowledge or information, for how could he say where a boundary was, unless he did have personal knowledge or the means of arriving at the fact declared?

The opportunities which the declarant had, may be inquired into in determining the *value*, not the competency of the declaration, and, as such, properly furnish a subject for comment before the jury, and in this the counsel was not restricted.

II. This exception is of the same kind and requires no further comment.

III. During the argument before the jury, the defendants' counsel having introduced testimony of defendants' occupation of the disputed part of the land for more than seven years, insisted that they had acquired a perfect title by means of such continued possession under color of title.

The Court, interrupting the course of the argument, "informed the counsel that the case was narrowed down to the location of the fifty-three acre tract, and the other tract embraced in defendants' deed,"—(a deed from the administrator of the grantee Suring for a tract of 128 acres, whereof the grant for fifteen acres forms a part)—that the fifteen acre tract calls for the line of the fifty-three acre tract, and there can be no such thing as possession under color of title by defendants, if the land in controversy is inside the boundaries of the fifty-three acre tract.

The jury were thus left to inquire and ascertain where lies the land granted in 1784, the burden of showing location devolving on the plaintiffs, under instructions such as were intimated to counsel. The jury found for the plaintiffs, and from the judgment the appeal is taken which brings defendants' exceptions up for review.

Unquestionably, if the proper position of the plaintiffs' boundary is the line DE, as they contended and the jury found, the line of the fifteen acre tract which calls for it, must stop when it is reached, although measured by distance that line would go beyond—*Gilchrist* v. *McLaughlin*, 7 Ired., 310—and this is so whether the line called for be marked or not. *Cain* v. *McCrery*, 3 Jones, 496.

Assuming, then, that defendants' north boundary is coincident with plaintiffs' south boundary, there is no overlapping, and the fifteen acre grant not covering the disputed part in possession of the defendants, there is no color furnished to support the possession of seven years, and perfect the title thereunder—this being a naked possession without deed.

There is no error and the judgment must be affirmed.

No error.                                    Affirmed.