### W. H. BELK v. CHARLES N. VANCE.

(Filed 20 May, 1914.)

1. **Deeds and Conveyances—Natural Boundaries—Controlling Calls —Grants—Investigation by Supreme Court.**

    Where the beginning point in a description of a deed to lands is determinative in an action to recover them, and this point is given as a certain corner of a grant by the State to adjoining lands, which is therefore necessary to be established, and the calls of the grant relevant to the inquiry are so many poles to a stake, then on a county line to a stake, the county line admittedly being along the crest of a hill, the boundary of the county is a natural boundary and controls as a matter of law that of the given distance terminating at a stake, in the preceding call, and this interpretation is confirmed by the Court's referring to the original grant in the office of the Secretary of State.

2. **Deeds and Conveyances—Natural Boundaries—"With or Along"— Words and Phrases.**

    The location of a certain line given in a grant of lands from the State being controlling in this action to recover lands, it is held that calls in the grant, "thence south 416 poles on Burke County line to the beginning," the line being a natural boundary, should be interpreted as that number of poles "with or along" that line.

APPEAL by plaintiff from *Justice, J.,* at February Term, 1914, of BUNCOMBE.

*J. D. Murphy for plaintiff.*
*Martin, Rollins & Wright for defendant.*

CLARK, C. J. On 20 July, 1796, the State issued to William Cathcart a grant for 1,640 acres of land. At that time Burke

165—43

and Buncombe counties adjoined each other. That portion of Burke then adjacent to Buncombe is now embraced in McDowell County.

This grant begins "on the Burke County line on a stake and hickory." The last two calls in this grant are: "Then east by land supposed to be Cathcart's and Stedman's, 797 poles to a stake; then south 416 poles on Burke County line to the beginning." The deed under which the defendant claims recites as follows: "Beginning at a stake and pointers the northeast corner of the 1,640-acre tract of land granted to William Cathcart, patent bearing date 20 July, 1796." This makes it necessary, in locating the land in defendant's deed, to determine where the northeast corner of the Cathcart grant was located.

The construction placed by the court upon the last description in the grant, "then south 416 poles on Burke County line to the beginning," is, "south 416 poles *with or along* the Burke County line to the beginning." That line is admitted to have been along the crest of the ridge. This makes it a natural boundary and determines that the previous call, "east by the Cathcart and Stedman line, 797 poles to a stake," means "a point on the crest of the ridge in said Burke County line." This construction was a matter of law for the court, and not an issue of fact for the jury, and we think the court correctly instructed the jury.

The instruction of his Honor was as follows: "The court charged the jury that the northeast corner of the Cathcart grant is at the point where the northern boundary line of the Cathcart grant running east intersects the Buncombe line, and that the beginning corner of defendant's deed is at the same point." The plaintiff asked the court to charge that "The northeast corner of the Cathcart grant introduced in evidence is at the end of the call in the grant east, 797 poles to a stake." This would have carried the line 321 poles beyond the crest of the ridge, which was the county line, and would require disregarding the last call, "416 poles on (*with or along*) Burke County line to the beginning." To locate the northeast corner of the Cathcart grant at the end of the 797 poles would have required the elimination of this last description of "on the Burke County

line 416 poles to the beginning," and the substitution therefor of "then south to the beginning." This would not be "on (or with) the county line," except possibly for the last 28 poles. There might have been an error in measuring the distance, or in writing it down, but the county line along the crest of the ridge is certain and fixed. The last call, "east 797 poles to a stake," must stop where that line reached the county boundary on the crest of the ridge. *Smith v. Headrick,* 93 N. C., 213, citing *Gilchrist v. McLaughlin,* 29 N. C., 310; *Corn v. Mc-Crary,* 48 N. C., 496.

In the record "it is admitted that the determination of the controversy in this action turns upon the true location of the northeast corner of the Cathcart grant." His Honor held that this corner was where the northern boundary of that grant going east intersected the "Burke County line."

The boundaries of the Cathcart grant, as set out in the record, show that it began in the Burke County line, was located west of that line, and the last call was with the Burke County line to the beginning, thus throwing the entire tract in Buncombe County. If the next to the last call of that grant, "east 797 poles to a stake," could prevail, as the plaintiff contends, it would take in land in Burke County. Upon reference to the grant as recorded in the Secretary of State's office here, which we have often done (*Higdon v. Rice,* 119 N. C., 635; *Richards v. Lumber Co.,* 158 N. C., 57, and in other cases), we find that the grant describes the 1,640 acres as "lying and being in Buncombe County." This corroborates the boundaries which place the tract entirely on the Buncombe side of the line.          •

No error.