We do not mean, in the smallest degree, to alter the rule of law which, when questions of boundary are before the court, permits evidence to be given of common rumor and report, or what deceased disinterested persons have been heard to say, etc. Necessity, in that case, as well as in many others, required that such evidence should be received; nor would it be proper to say that evidence should not be given of any act done by the owner of the land; but to permit his declarations to be given in evidence would be impugning the maxim of law which declares "that no person shall be a witness in his own cause."
If the person whose declarations are now sought to be given in evidence was alive, and had been present in court, having the same interest in the lands as when those declarations were made, no person would have thought of using him as a witness. And would it be proper to take the declarations of a person, as evidence, whose testimony as a witness to the same point would be properly rejected?
Although, for want of better testimony, declarations of deceased persons are to be received as evidence, the law never intended to qualify persons to make them whose testimony on the score of interest would, on ordinary occasions, be rejected. (128)
NOTE. — See Jones v. Huggins, 12 N.C. 223; Sasser v. Herring,14 N.C. 340; Dancy v. Sugg, 19 N.C. 515.
Cited: Mason v. McCormick, 85 N.C. 228; Bethea v. Byrd, 95 N.C. 311;Lumber Co. v. Branch, 150 N.C. 241.