## DANIEL HEDRICK *v.* GODFREY GOBBLE.

The exceptions to the general rule excluding hearsay evidence, do not embrace the declarations of a deceased person as to the boundary lines of land where such person was in possession as owner at the time the declarations were made.

TRESPASS Q. C. F., tried before *Cilley, J.*, at Spring Term 1868, of the Superior Court of DAVIDSON.

The question was one of *boundary*, and the defendant was introduced to testify as to certain lines. He offered to testify that his father, now deceased, under whom he claimed, whilst in possession pointed out to him certain marked lines as the boundary lines of the tract. Plaintiff objected to the testimony, on the ground that the father was then in possession of the land, and so interested. His Honor admitted the testimony, and the plaintiff excepted.

The plaintiff offered in evidence what purported to be a copy of a grant from the State, with the certificate of a person signing himself Register of Deeds for Rowan County, as to the correctness of the copy. The defendant objected to the evidence, because of the want of a certificate under seal from the Clerk of the County Court of Rowan, as to the official character of the person whose name was signed as Register. The Court sustained the objection, and plaintiff again excepted. His Honor also refused to admit parol testimony as to the genuineness of the signature of the person alleged to be Register, and as to the fact that he was Register.

The plaintiff submitted to a non-suit, and appealed.

*Merrimon*, for the appellant.

No counsel *contra*.

PEARSON, C. J. His Honor erred in permitting the defendant to testify to the declarations of his father as to the boundary lines. By the general rule, no testimony is to be received unless subjected to two tests; an oath, and a cross-examination. The father of the defendant was subjected to neither, so his

declarations are excluded by the general rule; and the question is, are they embraced by any exception?

Suppose he had made a deed to his son, and was still living, would his declarations as to the boundary line be competent evidence? or could he be allowed to say what is the boundary line, without being sworn and subjected to cross-examination? Certainly not. Then how can the fact of his death make any difference?

An exception to the general rule is, that in regard to boundary hearsay evidence of a deceased person is admissible, but the person, whose declaration is offered in evidence, must have been disinterested at the time he made the declaration. In our case the father of the defendant was showing to his son the line which he said divided his land from that of his neighbor; so he had a direct interest, and was making a declaration in his own favor.

Another exception to the general rule is, "words forming a part of the '*res gestœ*' and explaining the nature and quality of an act, may be given in evidence." But the declaration of the old man as to the line up to which he said his tract of land extended, is not embraced by this exception. He was in possession of the land, and therefore what he said in regard to claiming it in his own right, or as tenant of some one else, was competent, for it explained the nature of his possession. But when the question is, up to what line does his title deed extend? that is another matter. It was no part of the "*res gestœ*," to wit: the fact of his being in possession, and did not explain the nature or quality of his possession; in short, it was the naked statement of an interested man as to the line up to which he said his tract extended.

As the case goes back for another trial, we will not express our opinion upon the point made by the other exception, as the ground of objection may be removed at the next Term. The Clerk of the Court of Pleas and Quarter Sessions is required to enter the appointment of any person as Register on the records of the Court. Rev. Code, ch. 96, sec. 2.

PER CURIAM. *Venire de novo.*