A. R. MASON by next friend v. RACHEL McCORMICK and others.

*Boundary—Declaration of Deceased Owner—Evidence—Record of Former Action.*

1. The declarations of a deceased owner of land, locating an angle of an adjoining tract, is admissible, though the corner so established is coincident with one of his own boundaries, where both parties to the action place the corner in the declarant's line and it is immaterial to him at what point it is fixed.

2. Upon an issue as to the defendant's occupation of land in dispute, it is proper to introduce the record of a former suit by the defendant against the plaintiff and others for an injunction and to stay trespass, for the purpose of showing, by an affidavit made in that cause in behalf of the plaintiff therein, a deliberate admission of such possession.

(*Sasser* v. *Herring*, 3 Dev. 340 ; *Hartzog* v. *Hubbard*, 2 Dev. & Bat. 241; *Dancy* v. *Sugg*, *Ib.* 515 ; *Hedrick* v. *Gobble*, 63 N. C. 48 ; *Caldwell* v. *Neely*, 81 N. C. 114 ; *Smith* v. *Walker*, 1 Car. L. R. 514 ; *Mushatt* v. *Moore*, 4 Dev. & Bat. 124 ; *Ryan* v. *McGehee*, 83 N. C. 500, cited and approved.)

CIVIL ACTION to recover land tried at Spring Term, 1881, of CUMBERLAND Superior Court, before *Gudger, J.*

Verdict and judgment for plaintiff, appeal by defendants.

*Mr. N. W. Ray*, for plaintiff.
*Mr. W. A. Guthrie*, for defendants.

SMITH, C. J. The plaintiff claims the tract of land represented in the surveyor's map within the yellow lines designated by the figures 1, 2, 3, 4, 5, under a grant from the State issued November 22nd, 1872, for one hundred and ninety-seven acres. The defendants derive title under a grant issued November 18th, 1873, to George Elliott for four hundred and seventy acres, and which they allege covers the place in dispute. The controversy is as to the loca-

tion of the land described in the Elliot grant and rectangular in form.

The plaintiff contends that its first corner is at 42 in McNeill's boundary, and is comprehended in the red lines 42, 46, 47, 52, while the defendants insist that the beginning is in McNeill's line further east at A, and the tract is included in the diagram A, B, C, D.

If the defendants' contention be sustained, they are not tresspassing upon the plaintiff's land; if the plaintiff's be sustained, they are, and the plaintiff is entitled to recover.

Two issues were submitted to the jury, in answer to which they find that the plaintiff is the owner of all the land mentioned in his complaint, except the part included in the triangle 2, 48, 52, and that Duncan McCormick, the defendants' testator, was at the commencement of the action in possession of all the plaintiff's land, except the triangular figure represented by the marks 1, 2, L.

The third issue was as to damages, and they are assessed at $200.

There are two exceptions to be considered in the appeal.

1. The admission of the declarations of John McNeill as to the position of the first corner of the Elliott grant on his line.

2. The reception of the record of a former suit of the defendants against the plaintiff and others for an injunction and to stay trespasses.

First: The objection to the evidence of the declarations of the deceased owner of the McNeill tract, is based upon his supposed interest in establishing his own boundaries by this location of angle of an adjoining tract. The objection is not tenable. Both parties to the action place that corner in the declarant's line, and to him it is entirely immaterial whether it is at one or the other point.

The declaration, moreover, is not used to ascertain and fix the limits of the declarant's own land, but the corner of an adjoining tract to determine its location, and the evidence

is not rendered incompetent because that corner is coincident with one of his own boundaries.

Such evidence is not admitted where the declaration comes from " the owner of the land, however ancient, in behalf of those claiming the same land under a different title," as was said by Chief Justice HENDERSON in *Sasser* v. *Herring,* 3 Dev.; 340. To this effect are all the cases, *Hartzog* v. *Hubbard,* 2 Dev. & Bat., 241; *Dancy* v. *Sugg, Ibid,* 515; *Hedrick* v. *Gobble,* 63 N. C., 48; *Caldwell* v. *Neely,* 81 N. C., 114; *Smith* v. *Walker,* 1 Car. L. Rep., 514.

Second: The ground of the objection to the introduction of the record of the former suit in which the present defendants were plaintiffs and the present plaintiff in association with others, was a defendant, is not set out, and we are unable to see its force. That action was prosecuted on behalf of the defendants in this by one J. F. Shaw, their agent, whose own oath verified the complaint, and upon whose separate affidavit an injunction restraining the alleged trespasses was obtained to continue till the hearing.

The affidavit affirms that Duncan McCormick died in the year 1873 in possession of the land previously mentioned, and that the plaintiffs, (the present defendants) have been in possession ever since, up to January 8th, 1874, the date of its verification. The admissions of this accredited agent in prosecuting the suit and in protecting the interests of the parties he represented are clearly competent upon the issue as to the defendants' occupation of the disputed land.

An affidavit made by a party for a *certiorari* may be read in evidence against him to show any facts which are provable by mere admissions or representations, *Mushatt* v. *Moore,* 4 Dev. & Bat., 24, and in like manner when made by an agent " whose testimony has been used," in the language of the court in *Ryan* v. *McGehee,* 83 N. C., 500, " to indorse certain actions on the part of the court for the benefit of the defendant, and to which he has thereby given credit." A

record may be admitted in evidence in favor of a stranger against one of the parties, not as a judgment conclusively establishing the fact, but as a deliberate declaration or admission of such fact. "It is therefore," says GREENLEAF, "to be treated according to the principles governing admissions, to which class of evidence it properly belongs." 1 Greenl. Evi., § 527 a. The ruling is clearly within these references, and the exception must be overruled.

The transcript in this appeal is needlessly voluminous, attended with much cost to the party who may have it to pay, and in the examination, greatly increasing the labors of the court. The rule which charges the party in fault with the costs of copying these parts of the record, not necessary to show a cause properly constituted in court, and having no bearing upon the rulings, the subject of exceptions, will be enforced.

It must be declared that there is no error and the judgment is affirmed.