P. B. BARBEE, Adm'r, *v.* CALVIN J. GREEN.

*Reference—Funeral Expenses.*

1. A referee is not required to refer to the evidence in his findings of fact. All that is required is, that he should transmit to the court the evidence upon which his findings are based.

2. Where the Supreme Court cannot pass upon the facts, it cannot look into the evidence upon which the referee bases his findings of fact, unless the exception is that he has found facts with no evidence to support them.

3. Where on exceptions to a referee's report, the Judge does not find any facts, but overrules all the exceptions to the report, he is presumed to have adopted the findings of the referee.

4. No wish or direction given by a person as to what should be done after death, unless made in a will, can be legally carried out. So, where a person of small means expressed a wish to be buried in an expensive coffin, and the

defendant, who was indebted to her, furnished one at her death, the cost of which he pleaded as a set-off in an action against him by the administrator; *Held*, that he was only entitled to such sum as would have purchased a coffin suitable to the intestate's pecuniary condition.

(*Green* v. *Castlebury*, 70 N. C., 20, cited and approved).

CIVIL ACTION, heard upon exceptions to the report of a referee before *Gudger, Judge,* at August Term, 1884, of WAKE Superior Court.

His Honor overruled the exceptions, confirmed the report, and gave judgment for the plaintiff, and the defendant appealed.

*Messrs. A. M. Lewis & Son,* for the plaintiff.
*Messrs. Battle & Mordecai,* for the defendant.

ASHE, J.   This action was brought before us by appeal to the February Term, 1882, and the case was then remanded that an inquiry should be made before a referee as to the value of the burial case, with the view, that the defendant might be allowed as a set-off, so much thereof as was suitable to the circumstances of the intestate of the plaintiff.

In pursuance of said decision of the Court at the January Term, 1883, of Wake Superior Court, the case was referred to S. G. Ryan, Esq., to inquire into the value of the burial case, and to allow so much thereof to the defendant as was suitable to the circumstances of the intestate, Mary Herndon, and at August Term, 1883, of said court, the referee made his report accompanied by the evidence taken by him.

The referee, upon the evidence taken before him, made the following finding of facts, viz.:

1. That the estate of the intestate was of very small value, and that the sum of money due from the defendant thereto is very nearly the whole thereof.

2. That the sum of one hundred dollars paid by the defendant for the burial case in which the plaintiff's intestate was buried, was a fair price therefor.

3. That eighteen dollars is a reasonable sum to be allowed defendant as suitable to the circumstances of the said intestate for a burial case.

The defendant excepted to the report, and assigned the following grounds, to-wit:

1. For that said report makes no reference to the testimony taken by referee.

2. For that the value of the estate is not stated in the report, as might have been done from the returns of the former administratrix and other evidence before the referee.

3. For that the referee erred in his conclusion of law; that eighteen dollars is a reasonable sum to be allowed the defendant for a burial case for the intestate, when it appears that he actually paid $100 for such a case, and the evidence before the referee that the intestate owed nothing, left neither husband nor child as her distributees, and that the defendant purchased the burial case at her instance and request, and in good faith.

At February Term, 1884, the referee filed a supplementary report, as follows:

1. That the whole estate of the intestate of the plaintiff consisted of the notes in controversy in this action, and some other personal property not exceeding in value the sum of fifty dollars.

2. That said intestate left neither husband nor children her surviving, and only collateral relations.

3. That said intestate frequently expressed a desire to be buried in a metallic coffin, and that said relations did not object to her being so buried.

4. That the defendant lived in adultery with the plaintiff's intestate for several years prior to her death.

5. That no inventory of the estate of intestate has been filed.

There was no objection to this supplemental report, but the defendant excepted to it as follows:

1. That the first finding of fact is made without sufficient evidence, it appearing from the supplemental report that no inven-

tory of the estate of Mary Herndon has been filed, and there being no specific and proper testimony as to said value.

2. That the said finding is too indefinite.

3. That the fourth finding of fact is impertinent to any issue or matter in the action.

4. That said last mentioned finding is contrary to the weight of evidence.

5. That the referee has failed to find as directed by the court whether the intestate owed any debts.

The court overruled the exceptions taken by the defendant, confirmed the report of the referee, and rendered judgment against the defendant for the sum of three hundred and fifty-five dollars and forty-four cents, that being the amount of the debt, principal and interest, due by the defendant to the plaintiff's intestate, less the sum of thirty dollars and twenty-seven cents, being the amount of eighteen dollars and interest thereon allowed for the coffin, leaving the sum of three hundred and twenty-five dollars and seventeen cents to be paid plaintiff, with interest on one hundred and ninety-two dollars from the 11th of August, 1884, until paid, and for costs of action. From this judgment the defendant appealed.

We are of the opinion there was no error in the ruling of His Honor in overruling the exceptions taken by the defendant. The two reports must be taken as one, and in reviewing the exceptions we think it unnecessary to take them up in the order in which they were filed, or to consider any others than those which we deem material.

The fourth exception, that the report makes no reference to the testimony, cannot be sustained. The law does not require the referee to refer to the testimony in finding the facts, but it does require that he should report the evidence upon which his findings are based, and this was done.

The exception to the first finding of the referee in the supplemental report, is not sustained. His finding was that the whole estate of the intestate of the plaintiff, consisted of the notes in

controversy in this action, and some other personal property, not exceeding in value the sum of fifty dollars. This, it seems to us, was all that was necessary to be found, under the order of reference, and was sufficiently specific. The whole scope and object of the inquiry directed by this court, was to ascertain the value of the estate, and then, what in the opinion of the referee, would be a proper allowance for burial expenses, suitable to the circumstances of the intestate, that is, to the value of her estate. The finding of the referee is, that the estate, including the notes sued on, was about five hundred dollars. That the referee did not find that the intestate was indebted, is an omission of which the defendant had no right to complain, for if debts had been found to be due, that would only have had the effect of reducing the value of her estate and would have made against the claim of the defendant—for the smaller the estate, the less should be the burial expenses.

That the deceased should have expressed a wish that she should be buried in a metallic coffin, cannot justify the expense incurred by the defendant. No wish or directions given by a person as to what should be done after death, can be legally carried out by any person, so as to make a charge upon the decedent's estate, unless it is so made in a last will or testament. It would not justify an administrator, much less a stranger.

The defendant's fourth exception to the supplemental report, "that the said last mentioned finding is contrary to the weight of evidence," we suppose refers to the first finding in that report. If so, it is an admission that there was some evidence to support the finding. In that case, it is not for this Court to look into the evidence, to see whether the preponderance was on the one side or the other. This Court never looks into the evidence, in cases like this, upon which a referee bases his findings of fact, except when there is an exception to the finding because there is no evidence to support it.

The referee has substantially complied with all the requirements in making a report, as prescribed in *Green* v. *Castlebury*,

70 N. C., 20.  He notified the parties, examined the evidence and wrote it down, found the facts and wrote them down, and declared his conclusion of law, that the defendant should be allowed the sum of eighteen dollars for the coffin as a price suitable to the circumstances of the intestate.  His Honor did not find the facts, but as he overruled all the exceptions of the defendant, he is presumed to have adopted the findings of the referee and his conclusion of law.  The finding of the facts by the referee must therefore be taken as the finding of His Honor, and his finding is conclusive.  His conclusion of law is, however, reviewable, and, concurring in that, we hold there was no error.

The judgment of the Superior Court of Wake is therefore affirmed.

No error.                                                    Affirmed.