E. C. HALSTEAD et al. v. F. H. MULLEN et al.

## Boundary—Evidence—Pleading.

1. The declarations of a deceased person in relation to the location of the line dividing his lands from those of another, are admissible on the trial of an issue between subsequent owners or claimants of such adjacent lands, involving their boundaries.

2. The new system of pleading in its whole structure and scope, looks to a trial of causes upon their merits, and discountenances objections which may be removed.

3. Objection to a *defective statement* of a cause of action must be taken advantage of by demurrer or will be deemed to be waived, while a *statement of a defective* cause of action may be taken advantage of at any time by motion to dismiss.

(*Mason* v. *McCormick*, 85 N. C., 226; *Fry* v. *Currie*, 91 N. C., 436; *Meekins* v. *Tatum*, 79 N. C., 546; *Williamson* v. *Canal Co.*, 78 N. C., 156; *Garrett* v. *Trotter*, 65 N. C., 430, cited and approved).

This was a CIVIL ACTION tried before *Shepherd, Judge,* at Fall Term, 1885, of CAMDEN Superior Court.

There was a verdict and judgment for the plaintiffs, from which defendants appealed.

The facts are stated in the opinion.

*Messrs. Grandy & Aydlett* and *E. F. Lamb,* for the plaintiffs.
*Messrs. Pace & Holding* and *Geo. V. Strong,* for the defendants.

SMITH, C. J.   The complaint alleges the plaintiffs to be the owners of the land, the boundaries whereof are given, the entry thereon of the defendants in June, 1882, and their cutting and removing the timber growing thereon, to their damage two thousand dollars.  The defendants deny the plaintiffs' title, or that they have ever trespassed upon their land.  The only issues submitted to the jury were as to the alleged trespasses on the plaintiffs' land, and by which of the defendants, if any, were they committed, and the extent of the damage done.   The verdict is for the plaintiffs, designating by name all the defendants charged, and ascertaining the damages.

Upon the trial, it appeared that the lands of the plaintiffs and of the defendants were adjacent, and the controversy was confined to the question of the proper location of the dividing line, and whether the timber was on the plaintiffs' land and within their boundaries.   To ascertain the position of the disputed line, it became necessary to locate one of the lines in the plaintiffs' deed, which describes it as running "up to and along the Joab Overton line."   A witness, who had been the slave of a former proprietor, under whom the plaintiffs claimed, testified, after objection made and overruled, that about forty years ago his master directed him not to cut timber beyond Overton's line, and that Overton would show where the line was.   That soon after Overton pointed out to witness the division line, the place of which the witness then testified to.   It was in evidence that Overton was then in the actual possession of this land, and has been dead for many years.   The plaintiffs' deed, upon this location, places the disputed land within its boundaries.   The admissibility of the declarations of Overton is the only question presented for consideration in the record brought up on the defendants' appeal.

The inquiry does not call for an elaborate examination, since it is substantially answered in two cases adjudicated in this Court.

In *Mason* v. *McCormick*, 85 N. C., 226, in answer to an objection to similar declarations of a deceased owner of an adjoining tract, the Court use this language: "The declaration, more-

over, is not used to ascertain and fix the limits of the declarant's own land, but the corner of an adjoining tract, to determine its location, and the evidence *is not rendered incompetent, because that corner is coincident with one of his own boundaries."*

And more recently in *Fry* v. *Currie,* 91 N. C., 436, the deed of a deceased party was received as his declaration of the bound-, ary line of an adjacent tract, and the Court, overruling an objection to the competency of the evidence say : " Would not his declaration, made when alive, be competent as hearsay, *not to locate his own, but the boundary of an adjacent tract that calls for and touches it ?* The evidence does not come from an interested party to subserve some purpose and to secure some advantage to himself, but it is a concession in disparagement of his claim to a wider boundary for his own land."

These cases dispose of the exception.

The appellant's counsel here, for the first time, move in arrest of judgment for alleged imperfections in the statement of the plaintiffs' cause of action, in that :

(1). The complaint fails to allege that the plaintiffs had title before and at the time of the defendants' entry ;

(2). The entry is not charged to have been forcible or wrongful, and may have been permissive and lawful, so as not to be in conflict with any right in the plaintiffs.

The motion is based upon §242 of The Code, as construed in *Meekins* v. *Tatum* 79 N. C., 546 ; *Williamson* v. *Canal Co.,* 78 N. C., 156, and other decided cases. The section applies to complaints that fail " to state facts sufficient to constitute a cause of action," possessed by the plaintiff to be enforced against the defendant, or in other words, when it appears therefrom that the action will not lie. But imperfect statements, or omissions in the allegations, not of the substance of the cause of action, should be pointed out by demurrer, and not upon a fair rendering of the provisions of the prescribed pleading, and practice in connection with the section referred to, be allowed, after a trial upon the merits and an appeal to this Court, to defeat the action altogether,

when first taken in this Court. Such objections ought to be taken at the appropriate time and in the mode directed, or be deemed waived, leaving such as enter into the essence of the action, alone the basis of a motion to dismiss the action.

In *Garrett* v. *Trotter*, 65 N. C., 430, the late Chief Justice thus expresses his own, and the opinion of the Court: "When there is a defect in substance, as an omission of a material allegation in the complaint, it is a *defective statement of the cause of action*, and the demurrer must specify it, to the end that it may be amended by making the allegation; and when there is a *statement of a defective cause of action*, the demurrer must specify it, to the end that, as there is no help for it, the plaintiff may stay his proceeding without a further useless incurring of costs."

The new system, in its whole structure and scope, looks to a trial of a cause upon its merits, and discountenances objections for defects which may be corrected and removed when made in apt time, and will not entertain them after trial and verdict. This is manifest from §§272 and 276, the latter of which, in positive terms, declares that "the Court and the Judge thereof shall, in every stage of the action, *disregard any error or defect in the pleadings* which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or be affected by reason of such error or defect." Accordingly, the interpretation put upon these clauses in the Courts of New York, where they are the same, is that such defects as would be remediable by amendment that does not change substantially the claim or defence, will not sustain an application to dismiss the action. *Loundsbury* v. *Purdy*, 18 N. Y., 515.

In *Hoffheimer* v. *Campbell*, 59 N. Y., 269, Chief Justice CHURCH uses this language: "If the objection had been taken at the trial, the complaint might have been amended, or the additional facts supplied. It is a general rule in the trial of actions, that defects which, if pointed out, may have been supplied or avoided, will not be assailable on the appeal."

The rule is thus announced by a recent author after an examination of the cases: "This defect" (that the complaint does not state facts sufficient to constitute a cause of action), "and want of jurisdiction over the subject of the action, are the radical grounds of objection to a pleading, the only ones not waived by pleading to the merits, and were the defects of substance met by the old general demurrer." * * * * "Such demurrer should be interposed to a pleading or any of its counts or statements, when it shows that no legal wrong has been done; or that the law will not redress it; or that the party has mistaken his remedy; or when there has been .an omission of some material averment necessary either to establish the wrong, or to so connect the parties with it, as to entitle the plaintiff to redress." Bliss' Code Plead., §§413, 416. As explicit is the rule in Pomeroy on Rem. and Rem. Rights, §548 et seq.

It seems to us, that the general terms in which the section under examination is expressed, require a construction consistent with the other provisions of the act, and such restrictions as we have suggested, in order thereto.

The wholesome rule thus indicated must be observed, and if appellants were permitted to make such objections when not made below, upon the hearing of an appeal, it would be subversive of fair trials and but a snare for the unwary. We cannot allow it to be done.

The plaintiffs here allege their ownership of the land, the defendants' entry and the damages sustained. These are the essential elements in the action, and the imputed omissions are of the very kind, if substantial, to be met by demurrer and removed by amendment. The real subject of controversy was eliminated and passed on by the jury, and the defendants were not at all misled, and must abide the result. The Code, §§269 et seq.

There is no error, and the judgment must be affirmed.

No error.                                        Affirmed.