DAVID BETHEA v. L. W. BYRD.

*Evidence—Boundary—Declarations.*

1. The declarations of deceased persons, who were disinterested at the time the declarations were made, in respect to the location of boundary lines and corners of land, are competent evidence to prove their location, if the deceased person had opportunity to be informed in respect thereto.

2. Such declarations are not evidence if the person making them is still alive, whether living in this State or not, nor if made by a person interested at the time of making them, nor if made *post litem motam.*

3. The mere fact that the witness whose declarations it is sought to give in evidence, owned a tract of land adjoining that whose corners he pointed out, does not make him incompetent.

(*Sasser* v. *Herring*, 1 Dev., 341; *Hartzog* v. *Hubbard*, 2 D. & B., 241; *Munson* v. *McCormick*, 85 N. C., 226; *Fry* v. *Currie*, 91 N. C., 436; *Halstead* v. *Mullen*, 93 N. C., 252; *Smith* v. *Dutton*, 1 Car. L. R., 514; *Dancy* v. *Sugg*, 2 D. & B., 515; *Hedrick* v. *Goble*, 63 N. C., 48; *Caldwell* v. *Neely*, 81 N. C., 114, cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* and a jury, at Fall Term, 1884, of HARNETT Superior Court.

The part of the case settled upon appeal necessary to be stated here, is as follows:

1st EXCEPTION.—In attempting to establish the location of
the Clevins grant, among other evidence relating to the second
corner at " M " (on the plat), the defendant offered to prove by
a witness named Byrd, that many years ago an adjoining pro-
prietor, J. T. McLean, now dead, pointed out to him this corner,.
at the corner of the Byrd garden, and told him this was a corner
of the Timothy Clevins 300 acres.  The evidence was objected
to by the plaintiff, for the reason that the deceased informant,.
being an adjoining proprietor, was interested in the location of'
the grant, and was in effect making evidence for himself; it being·
also in evidence that the said adjoining proprietor claimed under
a grant of younger date than the grant to Timothy Clevins,.
referred to in statement of plaintiff's case.

Defendant excepted.

There was a verdict of the jury for the plaintiff, and the Court·
gave judgment accordingly.  Thereupon, the defendant appealed.
to this Court.

No counsel for the plaintiff.

*Mr. J. H. Fleming,* for the defendant.

MERRIMON, J. (after stating the facts).  It is settled by numer--
ous decisions of this Court, that the declarations of deceased'
persons who were disinterested at the time such declarations were
made, in respect to boundary lines and corners of land, are com-
petent evidence to prove their location, if such persons had
opportunity to be informed in respect thereto.  It is true, that·
such evidence is hearsay in its nature, but it has been deemed
necessary to classify it with, and make it one of the exceptions·
to the general rule of law, that hearsay is not competent as evi-
dence.  Whether this exception comes strictly within the spirit·
and reason of the rule, may admit of some question, but how--
ever this may be, it is now, and has been for a long period, the
law of this State.  The reason of the exception seems to have·
been, and indeed, still is, the circumstances of the country, and
the uncertainty, confusion, and indistinctness generally, of bound--
ary lines and corners of tracts of land that belong to individuals.

These and like considerations have rendered the exception necessary. Such evidence is not of a very high type, and may not ordinarily be very satisfactory, still, it is found that it subserves the ends of justice. *Sasser* v. *Herring*, 1 Dev., 341; *Hartzog* v. *Hubbard*, 2 D. & B., 241; *Mason* v. *McCormick*, 85 N. C., 226; *Fry* v. *Currie*, 91 N. C., 436; *Halstead* v. *Mullen*, 93 N. C., 252.

Such declarations are not, however, evidence, if the person making them is still alive, in or out of this State, nor if made by a person *interested* at the time of making them, however long ago they may have been made, nor if made by deceased persons *post litem motam*. They must be such as were made by a person entirely disinterested, and they will have more or less weight, accordingly as the maker of them had opportunity, good or indifferent, to have knowledge of the boundary line or lines, or corner referred to, and as he may have made them casually and loosely, or with care and upon consideration. *Smith* v. *Dutton*, 1 Car. L. R., 524; *Hartzog* v. *Hubbard, supra*; *Dancy* v. *Sugg*, 2 D. & B., 515; *Hedrick* v. *Goble* 63 N. C., 48; *Caldwell* v. *Neely*, 81 N. C., 114; *Mason* v. *McCormick, supra*.

The declarations mentioned in the exception, as offered by the appellant, and which were rejected by the Court, seem to us to have been pertinent and competent. They were of a person deceased, made many years ago. It does not appear that he had the slightest interest in the location of the corner which he pointed out to the witness as that of the grant in question, at the time he did so, or indeed at any time. He did not, so far as appears, claim under that grant, or against it, or have any interest in it, and if he claimed a tract of land adjoining that of the grant, under a grant prior to it, this could not of itself render him interested. The mere fact that he was the owner of an adjoining tract of land did not necessarily make him interested —he was not seeking to point out his own corner, but that of the "Clevins grant"—not to promote his interests and advantage —to enlarge or change his boundary, or those of any other per-

son.   So far as we can see, he was content with his own lines and boundary.   It seems that he was entirely disinterested, and his declarations come exactly within the exception above pointed out. He had lands adjoining the lands embraced by the grant, and therefore very likely had knowledge of the lines and corners of the grant, co-incident with his lines, and he could probably speak knowingly and advisedly.   The case of *Mason* v. *McCormick, supra,* is in some respects like this.   In that case the Chief Justice said: "The declaration, moreover, is not used to ascertain and fix the limits of the declarant's own land, but the corner of an adjoining tract, to determine its location, and the evidence is not rendered incompetent because that corner is co-incident with one of his own boundaries." *Fry* v. *Currie, supra,* and *Halstead* v. *Mullen, supra,* are to the same effect.

It behooved the appellee to show that the person who made the declarations in question, was interested at the time he made them.   As we have seen, the facts that he was "an adjoining proprietor," and that he "claimed under" a junior grant, did not prove that he was interested.   If there were other facts tending to show that he was, these ought to appear.   As such facts do not appear in the record, it must be taken that they did not. on the trial.

There is error, because of which the appellant is entitled to a new trial.   To that end, let this opinion be certified to the Superior Court, according to law.

Error.                                          Reversed.