TABLE ROCK LUMBER COMPANY ET AL. v. ANDREW
BRANCH ET AL.

(Filed 10 March, 1909.)

**Evidence—Deeds and Conveyances—Deeds from Deceased Persons—Ante Litem Motam.**

When, to establish a disputed corner of land, a deed from a
deceased person is offered in evidence as a declaration tending
to establish it, it is incompetent if the deceased was not a disinterested person at the time he made the deed, or if it was not
made *ante litem motam.* (The requisites of such evidence discussed by WALKER, J.)

ACTION tried before *Ferguson, J.,* and a jury, at August
Term, 1908, of BURKE.

*Avery & Ervin* and *Avery & Avery* for plaintiffs.
*J. F. Spainhour, J. M. Mull* and *E. J. Ervin* for defendants.

WALKER, J. This action was brought to recover damages for
a trespass upon land. The plaintiff claimed under two grants
from the State to A. C. Avery and *mesne* conveyances, by which
it alleged that it had acquired title. The defendant alleged that
it had a superior title to the land described in said grants and
deeds. Evidence was introduced by the parties to establish their
respective contentions. Issues were submitted to the jury, which,
with the answers thereto, were as follows:

1. "Are the plaintiffs the owners of the lands described in the
complaint, or any part thereof, and if so, what part?" Answer:
"Yes, except 330-acre grant, the 100-acre grant and the 200-acre deed and the 50-acre deed, as laid down on plat 'A.'"

2. "Has the defendant trespassed upon any of the lands owned
by the plaintiffs?" Answer: "No."

3. "If so, what damages have the plaintiffs, the Table Rock
Lumber Company, sustained?" Answer: "Nothing."

In order to locate one of the corners of the land the defendants introduced a deed from Pink Branch to J. F. Harris, and
insisted that it was competent as a declaration of Branch, who is
dead, that the corner is where they claim it to be. The plaintiffs objected to this evidence (which was admitted by the

court), upon the ground that at the time he executed the deed Pink Branch was not disinterested and that the true corner is at a different place. If appeared that if the corner is located according to the defendant's claim, the boundaries of Pink Branch's land would be enlarged and would include his house, whereas, if the corner is established according to the plaintiff's claim, the boundaries of the land will be contracted and the house excluded. It also appears that Pink Branch had destroyed a poplar, which was his corner, as claimed by the plaintiff, and had marked a poplar, claimed by the defendants as the corner, and which was at a different place, as his corner, and, further, that this so extended his line as to embrace more land.

This evidence was incompetent and therefore improperly admitted. The case shows that at the time the deed was executed by Branch and at the time he showed the corner to the witness he was interested to locate the corner as he did, as the boundaries were thereby enlarged and he was the owner of the land.

We stated the rule in *Yow v. Hamilton,* 136 N. C., 357, as follows: (1) The declaration must have come from a disinterested person. (2) It must have been made *ante litem motam.* (3) The declarant must be deceased, citing numerous cases, and among them *Sasser v. Herring,* 14 N. C., 341 (300); *Hedrick v. Gobble,* 63 N. C., 48; *Caldwell v. Neely,* 81 N. C., 114; *Mason v. McCormick,* 85 N. C., 226; *Smith v. Headrick,* 93 N. C., 210. See, also, *Smith v. Walker,* 4 N. C., 127; *Hill v. Dalton,* 140 N. C., 16. If the rule of law thus established by the authorities is applied to the facts of this case, the declarations of Pink Branch were incompetent and should have been excluded by the court, and the same is true as to the declaration to the witness Wilson.

It is unnecessary to discuss the other exceptions, as we think there should be another trial of the case upon all the issues, because of the error of the court in admitting incompetent testimony.

New Trial.