### W. D. BOWEN ET AL. v. JOHN L. ROPER LUMBER COMPANY.

(Filed 19 February, 1913.)

**1. Trespass—Boundaries—Declarations—Evidence.**

In an action of trespass *quare clausum fregit,* testimony of the plaintiff as to certain lines and boundaries was objected to on the ground that it was based on information his deceased father had given him: *Held,* no error, as this evidence may have been competent, as the declarations of the father had been made before any controversy had arisen; and as the witness further testified that it was on information received from his father and others,

BOWEN *v.* LUMBER CO.

and was also a matter of personal knowledge, and as the land in dispute adjoined that of the plaintiff, the evidence may have been competent under the principles announced in *Halstead v. Mullen,* 93 N. C., 252.

### 2. Trespass—Parties.

In an action of trespass *quare clausum fregit,* only those who owned the land at the time of the trespass, and have any interest in the recovery, are the necessary parties of record.

### 3. Trespass—Conflicting Evidence—Verdict.

When in an action of trespass, involving title to lands, the evidence is conflicting, the findings of the jury, under a proper charge of the court, are conclusive.

APPEAL from *Bragaw, J.,* at February Term, 1913, of WASHINGTON.

Civil action for trespass, *quare clausum fregit.* On issues submitted, the jury rendered the following verdict:

1. Are the plaintiffs the owners of the swamp land described in the court map as "land in controversy" within the lines of Y, X, V, U, and east of the line 8, 9? Answer: Yes.

2. If so, did defendant trespass on said lands? Answer: Yes.

3. If so, is plaintiff's claim for damages barred by statute, as alleged? Answer: No.

4. What damages, if any, are plaintiffs entitled to recover? Answer: $1,500.

Judgment on the verdict for plaintiffs, and defendant excepted and appealed.

*Ward & Grimes for plaintiff.*

*A. D. McLean, W. M. Bond, and W. M. Bond, Jr., for defendant.*

PER CURIAM. The Court has carefully examined the record, and finds no exception to the proceedings which gives the defendant any just ground of complaint. The title to the land was shown to be out of the State, under a patent to Joseph Dwight, dated in 1758. See *Bowen v. Lumber Co.,* 153 N. C., 366. Plaintiff then exhibited a line of deeds, beginning in 1786 to 1892; three to his own family and himself, bearing

date respectively in 1821, 1847, 1892, and offered evidence tend-
ing to show that these deeds, more especially those of 1821,
1847, 1892, covered the land in controversy, and that within
the boundaries on the highland the plaintiff and those under
whom he claimed had lived continuously, to plaintiff's personal
knowledge, for 44 years, 60 acres being under fence and culti-
vated, with house, barn, stables, etc., and that they exercised
such dominion and control over the swamp land within the
boundary as the same permitted, and that this occupation and
control were continuous and exclusive. Under a correct charge,
the jury have accepted this as the true version of the facts,
and the question of title, therefore, has been properly deter-
mined in plaintiff's favor. The only objection seriously urged
for error before us was that the court refused to strike out a
portion of plaintiff's testimony relevant to the issue. The land
having been surveyed and plats made and exhibited on the
trial, the plaintiff, testifying in his own behalf, said, among
other things, that the deeds of 1821, 1847, and 1892 covered
the land in controversy, and proceeded to state more in detail
as to certain lines and corners of the land, and more particu-
larly as to the placing of the point of contact with the Ross
patent, one of the termini called for in the deeds; the objection
urged being that the testimony referred in part to deeds which
were older than the witness, and that he testified only from
what his deceased father had told him about the boundary.
Under the decisions and on the facts presented, this source of
information may have been entirely legitimate, for it was
based, in part, on a declaration of the deceased father, before
any controversy and as to the boundary of the Ross patent,
a tract adjoining his own, and thus may have been entirely
competent under the principle illustrated and applied in *Hal-
stead v. Mullen,* 93 N. C., 252; *Mason v. McCormack,* 85 N. C.,
226, and other like cases. If, however, the contrary be conceded,
the objection is not open to defendant, on the record, for the
witness stated that in saying the deeds in question covered the
land, he spoke from information received from his father and
*others,* and he also said he had seen the land surveyed and
knew of himself of the position of certain lines and corners

*In re* PATRICK'S WILL.

marked and recognized as part of the boundary. The statement of the witness, therefore, did not rest alone on information derived from his deceased father, and the court ·made a correct ruling in refusing to strike out the testimony. Those who owned the land at the time of the trespass committed and all who have any interest in the recovery are parties of record, and the objection for defect of parties is without merit. *Daniels v. R. R.,* 158 N. C.,'418. The evidence offered tending to show adverse occupation of the *locus in quo* on the part of the defendant or its grantors under the deed from Anne Blount, administratrix, was properly submitted to the jury, and rejected. The issue between the parties dependent, chiefly, on. questions of fact, has been submitted to the jury under a correct and proper charge, and, as stated, we find no reason for disturbing the conclusion they have reached. There is

No error.·