JOHN BUCKNER v. MADISON COUNTY RAILROAD COMPANY.

(Filed 10 December, 1913.)

### 1. Trials—Notes of Evidence—Judge's Notes.

It is not required that the presiding judge shall take down the evidence upon the trial of an action, and though Revisal, 554 (2), does require that so much of the evidence as may be material to an exception taken shall be reduced to writing and entered by the judge upon the minutes of the court and filed with the clerk, the judge may require a stenographer or some one else to do so; and where the attorney for the appellant has been previously informed and given ample time on the trial to do this, and his notes with exceptions have been fully adopted in the case on appeal, he cannot be heard to complain either of its insufficiency or the failure of the judge to take the notes himself.

### 2. Negligence—Trials—Evidence—Measure of Damages.

In an action to recover damages for a personal injury, it is competent for the plaintiff to testify the regular price for the work he was engaged in which the defendant promised to pay him, as an element of damages involving the loss of compensation.

### 3. Negligence—Inexperienced Employees—Trials—Evidence.

Where damages for a personal injury is alleged to have been negligently inflicted by a railroad company, the negligence alleged being that of a fellow-servant, it is competent for the plaintiff to testify to a conversation had by him and the defendant's foreman, tending to show that the fellow-servant was inexperienced in the work; and while this testimony was held unnecessary in this case, its admission is held as immaterial.

4. Trials—Negligence—Evidence—Nonsuit—Questions for Jury.

In an action to recover damages for a personal injury alleged to have been negligently inflicted, there was evidence that while the plaintiff was engaged in loading logs for the defendant company, operating a logging road, the defendant's log-loader, without any signal or warning, suddenly and unexpectedly jerked the log at which plaintiff was at work, and thus caused the injury complained of by throwing it upon him : *Held,* evidence sufficient to take the case to the jury, and a motion as of nonsuit was properly denied.

5. Appeal and Error — Brief—Exceptions Abandoned—Trials—Evidence—Negligence.

Exceptions not noted in the brief are taken as abandoned, but held, in this case, the refusal to give an instruction excepted to was not error, as it barred the right of recovery for an injury inflicted by the unexpected movement of a log resulting from a negligent act of the defendant.

6. Fellow-servant—Logging Roads—Interpretation of Statutes.

Logging roads are railroads within the meaning of the fellow-servant act, Revisal, sec. 2646, and the provisions of the act apply to an injury negligently inflicted by a fellow-servant in any department of a railroad being operated.

APPEAL by defendant from *Carter, J.,* at September Term, 1913, of MADISON.

*Martin, Rollins & Wright and J. D. Murphey for plaintiff.*
*Merrick & Barnard and Guy V. Roberts for defendant.*

CLARK, C. J. This is an action for personal injuries. The court suggested that counsel should arrange to have a stenographer to take notes on the trial. They failed to do so, and the court finds as a fact that "counsel were notified at the beginning of the trial that they would be *given ample time* to record all exceptions, and they *were given such ample time,* and in this case on appeal the appellant is allowed every exception claimed by it in its statement of the case on appeal."

The defendant excepts because the judge did not take notes of the evidence and did not himself make a record of the exceptions taken by the defendant on the trial. The statute does not require that the judge shall take down the evidence. It is true

that Revisal, 554, subsec. (2), does provide: "If an exception
be taken on the trial, it must be reduced to writing at the time,
with so much of the evidence or subject-matter as may be ma-
terial to the exception taken; the same shall be entered on the
judge's minutes and be filed with the clerk as a part of the case
upon appeal." This provision does not require that the judge
shall reduce the exceptions to writing himself, but merely that
they shall be reduced to writing and entered on his minutes. It
is competent for the judge to require the stenographer, or some
one else for him, to take down the exceptions and evidence per-
tinent thereto. It was, therefore, competent for him to author-
ize the defendant's counsel themselves to take down their own
exceptions. He finds as a fact that he promised them ample
time to do so, and that they had it. The defendant certainly
cannot except to this privilege. The other side might possibly
feel aggrieved. Even if it was error, the defendant could not
complain, for it could not be and was not prejudicial error to
that side. It is found that the "appellant is allowed every ex-
ception claimed by it in its statement of case on appeal." It is
not alleged that there were any other exception of which the
appellant was deprived from lack of time, and the judge finds
the contrary to be the fact. His statement is necessarily con-
clusive of what occurred at the trial. *Cameron v. Power Co.,*
137 N. C., 100, and cases there cited.

Exception 2 is that the plaintiff was allowed to testify what
was the "regular price" for the work which he was doing,
stating that he was promised the regular price. This was com-
petent, and if incorrect as to amount, the defendant could have
shown it. Exception 3 is to the admission of a conversation
between the plaintiff and the defendant's foreman and vice-
principal prior to the injury. This tended to show that Thomas,
the log-loader, was an inexperienced man. The negligence com-
plained of in this case is the act of the log-loader, who was run-
ning the engine, in suddenly and unexpectedly and without
warning jerking a log into which the plaintiff had hooked the
tongs, without giving the plaintiff an opportunity to get out of
the way. Although it was not necessary to put in this testi-
mony, at most it was immaterial.

The motion for a nonsuit was properly refused. The allegation in the amended complaint is: "The defendant, Madison County Railroad Company, without any signal, suddenly, and without any notice to the plaintiff, moved the log to which the plaintiff had attached the tong hooks, and carelessly and negligently threw or caused said log to be thrown, upon the plaintiff, seriously and permanently injuring him." · The testimony of the plaintiff upon this point was: "After I had hooked the tongs to the log, Marion Thomas, the log-loader, without any signal or warning, suddenly and unexpectedly jerked the log with the crane and log-loader and threw the same over on me and injured me before I had time to get out of the way."

Exception 5 was for refusal to charge that if the jury believed the evidence, to find the issue of negligence "No."

Exception 6 is for the refusal of the court to give the following instruction: "If the jury shall find from the evidence that at the time Thomas started to pull on the log he did not know, and had no reasonable ground to believe, that the log was caught or that it would follow other than the usual direction, the act of Thomas in pulling on the log would not be negligent, and the jury would answer the first issue 'No.'"

This exception and the next are abandoned because not set out in the defendant's brief. Rule 34 provides: "Exceptions in the record not set out in appellant's brief will be taken as abandoned by him." But if it had been insisted on in the brief, it could not be sustained, for though Thomas did not know, or had no reason to believe, that the log was caught or would follow other than the usual direction, it was, notwithstanding, negligence, if, as charged in the complaint and shown in the evidence, he jerked the log, without warning and unexpectedly, without giving the plaintiff an opportunity to gain a place of safety, as he should have done, whereby he was injured.

It was held in *Hemphill v. Lumber Co.,* 141 N. C., 487, that lumber roads are "railroads" within the meaning of Revisal, 2646, and this ruling has been followed ever since. In *Nicholson v. R. R.,* 138 N. C., 516, and in many other cases it has

been held that this section applies to an injury suffered by an employee in any department of work of a railroad which is being operated.

No error.