R. P. SINGLETON v. W. B. ROEBUCK.

(Filed 1 October, 1919.)

## 1. Appeal and Error—Objections and Exceptions—Competent in Part—Requests for Instructions.

A general objection to evidence which is competent as corroborative will not be sustained, the remedy being for the appellant to ask that it be restricted to that purpose.

## 2. Evidence—Witnesses Instructed—Presumptions.

Where the court directs a witness not to testify except as to competent matters specified by it, it will be assumed on appeal, nothing to the contrary appearing, that the witness understood the direction of the court and observed it.

## 3. Evidence—Deeds and Conveyances—Descriptions—Locus in Quo—Possession.

When relevant to the inquiry, a party to an action involving title to lands may testify, when within his own knowledge, that his deed covered the lands in dispute, and that he had been let into possession thereof.

## 4. Evidence — Description — Corners—Appeal and Error—Prejudice—New Trials.

A witness may state that he knew where the stump to a corner pine was located, when relevant to the inquiry in an action involving title to lands; and were the evidence incompetent it must be prejudicial to be reversible error.

## 5. Boundaries — Deeds and Conveyances—Declarations—Evidence—Interest —Ante Litem.

Where boundaries to lands are in dispute, and the judge has cautioned the witness not to testify to the declarations of living or interested persons, etc., a general objection to this evidence will not be sustained, the rule being that declarations concerning boundaries must have been made *ante litem motam*, that declarant be dead when they were offered, and be a disinterested person, and it will be taken that the rule was complied with, unless the contrary appears.

## 6. Instructions—Title—Burden of Proof.

Where the instruction of the trial judge has placed the burden upon the plaintiff to show his own title, and it was stated that he can only recover thereon and not on the weakness of the defendant's title, the further statement that the defendant took chances of failing to show defects in his adversary's title in not introducing evidence will not be construed into an instruction that he must introduce evidence in rebuttal of plaintiff's testimony but only that it was his duty to go forward with his proof.

## 7. Appeal and Error—Exceptions.

Exceptions to instructions given by the court to the jury will not be sustained if they cover, in part, instructions that were properly given, for the defendant should separate the good from the bad and except only to the latter.

**8. Limitations of Actions—Adverse Possession—Color of Title—Instructions.**

Upon the question of adverse possession under color to ripen title to lands, where there is evidence that the claimant had been in such possession for seven years or more, and the judge has so stated the contention, an instruction by the court that they should find for the claimant if they so found the facts, is not equivalent to an instruction that he must have been in possession for more than the seven years, but only that it must have continued for that period as the minimum one.

ACTION tried before *Guion, J.,* and a jury, at May Term, 1919, of PITT.

This action was brought to recover the land described in the complaint. Defendant denied plaintiff's title and alleged ownership in himself. There was a controversy as to the location of lines and boundaries, which presented the question in dispute as to the true ownership.

Verdict and judgment for defendant, and plaintiff appealed.

*Albion Dunn and S. J. Everett for plaintiff.*
*Julius Brown, F. C. Harding and D. M. Clark for defendant.*

WALKER, J. The record in this case has been amended under a writ of *certiorari.* As the record was originally, it appeared that the court had ruled out certain testimony of a witness, Noah Moore, to the effect that Roebuck had bought wood which had been cut from the land. This was competent and if no amendment had been made there would have been error. But the amendment has removed it from the case.

First. There was general objection to evidence which was, at least, competent as corroborative, and plaintiff did not ask that the evidence be restricted to that purpose. The objection fails. Rule of this Court, No. 27; *Dunn v. Lumber Co.,* 172 N. C., 129; *Ricks v. Woodard,* 159 N. C., 647. This applies to testimony of Mr. Roebuck as to declarations of Mr. Gray and Mr. Perkins. Besides, the court warned witnesses not to speak of anything said by persons who are living or who were interested at the time in the controversy. We must assume that the witnesses understood the caution and observed it.

Second. It was competent for defendant to state that his deed covered the land in dispute and that he was let into possession of the same. Why not? He was stating facts within his knowledge.

Third. The question as to the Crandall corner and the answer thereto were properly admitted, in the absence of proper objection. The question was, in form, competent, and the answer that Perkins showed the corner to the witness was corroborative of Perkins, who had before been examined as a witness about it. Under a general objection it was competent. Rule 27 and cases *supra.* His Honor, too, again repeated the warning as to statements of living or interested declarants.

Fourth. It was competent for the witness, when asked about the corner at the pine, to state that he knew where the stump was, and, besides, it appears to have been harmless and not prejudicial (*Buckner v. R. R.,* 164 N. C., 201), and is not of sufficient importance, if erroneous, to cause a reversal. There are several of the many exceptions to evidence which are covered by the court's caution and instruction to the witnesses not to state anything told to them by living or interested persons. We will not consider them *seriatim.* It is sufficient to say that the judge required the witnesses to comply with the rule, as to declarations concerning boundaries, established by this Court, and thus stated: "It is the law in this State that under certain restrictions both hearsay evidence and common reputation are admissible on questions of private boundary. *Sasser v. Herring,* 14 N. C., 340; *Shaffer v. Gaynor,* 117 N. C., 15; *Yow v. Hamilton,* 136 N. C., 357. · The restrictions on hearsay evidence of this character—declarations of an individual as to the location of certain lines and corners—established by repeated decisions, are: That the declarations be made *ante lilem motam;* that the declarant be dead when they are offered, and that he was disinterested when they were made. *Bethea v. Byrd,* 95 N. C., 309; *Caldwell v. Neely,* 81 N. C., 114." *Hemphill v. Hemphill,* 138 N. C., 504. Most, if not nearly all, of the objections may be thus fully met without further discussion. The surveyor's testimony, as to the Jesse Griffin land division, if erroneously admitted, was harmless. It was immaterial, having no connection with the controversy, and the same may be said of the testimony of J. J. Gray. He might show where his corner was if he knew its location. If material, it was competent, and if immaterial, as claimed, it worked no harm and certainly no substantial harm.

Fifth. Plaintiff complains that the court did not sufficiently caution witnesses and the jury as to declarations of living or interested witnesses, but we think that he did do so, and in language that could not be misunderstood.

Sixth. As to the charge, we do not think that plaintiff's criticism of it is warranted. The court placed the burden, at the outset, distinctly upon the plaintiff. He stated that the latter must recover, if at all,. upon the strength of his own title and not upon the weakness of the defendant's, and that no burden rests upon the latter. It is all upon the plaintiff. He could not have been more explicit or correct on this part. of the case. The defendant was not required, by the law, to introduce any evidence. He might rely on that of the plaintiff and on his ability to show that plaintiff's contention on his own showing was erroneous, and that he had not located his land or proved his right to recover. The court was arraying the contentions of the parties and its meaning was. that if plaintiff had offered evidence which satisfied them by its pre-

ponderance that his claim was correct, he was entitled to their verdict, and that if the defendant had not introduced evidence tending to show, and sufficient to show, that plaintiff was mistaken in his contention he would be taking a chance to lose the verdict. He was balancing the contentions of the parties as against each other. The language, if prejudicial to either side, was more against the defendant than against the plaintiff, for there was no burden on the former at all. It was the duty of plaintiff to make out his case and not to rely on the inability of the defendant to sustain his contention or to show any title.

Speaking of the burden of proof in ejectment, the Court says in *Moore v. McClain,* 141 N. C., 473, 478: "The plaintiff having shown a *prima facie* title, it behooves the defendants to show a superior title. The burden of proof upon the issue was upon the plaintiff. She alleged title and the defendants denied it. Showing a *prima facie* title did not shift the burden of proof upon the issue but imposed upon the defendants the duty of 'going forward' with their evidence. The distinction is clear and well illustrated in *Meredith v. R. R.,* 137 N. C., 478, and *Board of Education v. Makely,* 139 N. C., 31." That is what the judge evidently meant in this case, not that the defendant was required to offer any evidence at all, but that if he did not do so, while it was still his right to attack and overcome his adversary's case, he might take the risk of any adverse verdict if he failed to go forward with evidence. He could not well have intended anything else, as he had already told the jury that the burden of proving his case rested upon the plaintiff throughout the trial. The meaning of the court, as we have stated it, is made perfectly plain by the following instruction: "I charge you further that, in connection with the defendant's chain of title, he has offered in evidence his grant and chain of title for the purpose of showing that his grant and deed cover the same land as is contended to be covered by plaintiff in his grant and deed, not for the purpose of establishing title in himself, because there is no burden upon defendant to establish title in him, because plaintiff himself must establish his own title, but the defendant has offered such evidence which he contends ought to be sufficient to satisfy you that the weight of plaintiff's evidence is not sufficient to locate the land contended for by him."

It may be further stated that as there are some parts of the charge to which this exception is taken which are clearly correct, and as plain-tiff has not singled out the erroneous part, his exception must fail. *Nance v. Telegraph Co.,* 177 N. C., 313; *S. v. Evans, ib.,* 564, at 570, and cases cited; *S. v. Ledford,* 133 N. C., 722. We said in the *Nance case, supra:* "Defendant should have separated the 'good from the bad' and objected only to the latter, as the objection must be valid as to the whole of the testimony. We will not set off the bad for him and con-

sider only that much of it, upon the supposition that his objection was aimed solely at the incompetent part. He must do that for himself. This is the firmly established rule."

The thirteenth assignment of error, the last one being merely formal, is subject to the same objection. The particular error is not pointed out and excepted to, there being several different propositions in the instructions, some of which are plainly correct. *Nance v. Telegraph Co., supra.*

But when the entire charge is considered, especially the statement of defendant's contention, it is apparent that the court did not mean that it required more than seven years adverse possession to ripen the title but seven years or more would be sufficient, and the jury so understood it. He indicated seven years as the minimum period; and the expression was doubtless used because the evidence showed such a possession for more than seven years, and the judge had stated the plaintiff's contention to be that he had occupied the land adversely for more than seven years, or "for seven years and upward," without any correction from the plaintiff. The court sufficiently instructed the jury that they should decide with the plaintiff, if they found that he had been in adverse possession, as had been contended by him.

There was no substantial error in the rulings or charge of the court, if error at all, and even if there was slight error, it is not of sufficient importance to warrant a reversal (*Griffin v. R. R.,* 138 N. C., 55), and the instruction as to adverse possession was responsive to plaintiff's contention, as stated by the court, and not questioned at the time by him. *Griffin v. R. R., supra.*

The case has been correctly tried, as we think, without prejudice to any just right of the plaintiff.

No error.