ROSA MAUDE TOWNSEND McCORMICK v. JAMES K. SMITH and Wife, THELMA SMITH; and RUFUS GRAHAM and Wife, MARY GRAHAM.

(Filed 7 June, 1957.)

**1. Ejectment § 16—**

In an action to determine ownership of a tract of land, a map prepared by a surveyor employed by plaintiff, defendants being present when the survey was made, is properly admitted in evidence to illustrate the testimony of the surveyor as to what he did, where he went and what he found in making the survey of the land as described in the deeds in plaintiff's chain of title, the map not being admitted as substantive evidence.

**2. Same—**

A sketch or map made by a surveyor from the report of the commissioners in a partition of the lands among the heirs of the common source of title, is competent for the purpose of illustrating the testimony of the surveyor, as well as the testimony of the court surveyor, that the land in controversy was within the boundaries of the tract allotted to one of the tenants in common.

**3. Same—**

Where defendants introduce timber deed and judgment in favor of the grantor therein against other parties conveying the timber, which judgment described the line as contended for by defendants, *held*, a sketch made by the court surveyor showing the land in controversy and the descriptions in the judgment is competent for the purpose of explaining the testimony of the witness as to the location of the land in the judgment, the sketch not being admitted as substantive evidence.

**4. Reference § 8—**

The fact that the referee in an action to determine title to land, in addition to entering findings of fact, conclusions of law and his decision, also incorporates in his report an analysis of the statement of contentions of the parties, a summary of the evidence relating to each contention, and his view of the law, *held* not prejudicial. G.S. 1-195.

APPEAL by defendants from *Mallard, J.,* January 1957 Civil Term of ROBESON.

*McLean & Stacy for plaintiff appellee.*

*L. J. Britt and Varser, McIntyre, Henry & Hedgepeth for defendant appellants.*

RODMAN, J. This is an action to determine the ownership of a tract of land in Robeson County containing 178.5 acres. The complaint alleges plaintiff is the owner of a tract of land described both by metes and bounds and by the abutting landowners containing 539 acres, and defendants' possession of a portion of said lands. A court survey was

ordered. After this survey was made, defendants filed answer denying plaintiff's ownership, admitting their possession, and asserting their ownership of the land in dispute as surveyed by the court surveyor.

The cause was referred. The referee, after hearings, made a report which contained findings of fact, conclusions of law, and what he called a "History of Case," consisting of a brief summary of the contentions of the parties, the evidence offered by the parties, his interpretation of the evidence, and reasons leading to his findings of fact and conclusions of law.

Defendants filed exceptions to the referee's rulings on the evidence, to his "History of Case," to each finding of fact and each conclusion of law. The court heard the exceptions, reviewed the evidence, sustained some of the exceptions thereto, overruled the others, adopted the referee's findings of fact as his own, and thereupon entered judgment adjudging plaintiff the owner of the land and entitled to possession.

Defendants excepted to the judgment and excepted to each ruling of the court which did not sustain the exceptions theretofore filed. The exceptions and assignments of error fall into three classes: (1) sufficiency of the evidence to sustain the findings; (2) competency of the evidence; (3) prejudice asserted to arise from the form of the report.

The land in controversy is part of either lot 3 or lot 4 of the James P. Barnes land on Back Swamp which was divided among his heirs in 1869. The report of the commissioners making the division and allotting to each heir his share by metes and bounds was offered in evidence by the plaintiff. Lot 3 allotted to Eliza Rae Stokes was conveyed to Richard Townsend in 1877. Lot 4 was allotted to Mary Ann McLean. The northern portion of this lot was conveyed by Mrs. McLean to Richard Townsend in 1881. Plaintiff offered her chain of title tracing to Richard Townsend. She then offered defendants' record title to show that they likewise traced to Richard Townsend. Richard Townsend devised to his son R. W. Townsend his "Stokes land" on Back Swamp. Plaintiff claims by deeds from the heirs of R. W. Townsend.

Richard Townsend also devised land on Back Swamp to his daughter-in-law Sallie Hicks Townsend. Defendants claim under her. The ultimate question for decision was one of fact. Is the land in controversy a part of the land devised to R. W. Townsend or is it a part of the land devised to Sallie Hicks Townsend?

David Townsend, a witness for the plaintiff, testified without objection: "The tract shown on the report of Mr. Stone, surveyor, is known as part of the Stokes land. The land described in the Complaint is known as the Stokes land." Stone, the court surveyor, also testified without objection that the land in controversy was a part of lot 3 of the Barnes division. There was other testimony to the same effect. There was also testimony tending to show possession by R. W. Town-

send for many years and a sale by him of the timber from the disputed area, the cutting of this timber by his grantee without objection by the owners of the Sallie Hicks Townsend lands.  There was ample evidence to support the referee's finding of fact that the land in controversy was a part of lot 3 of the Barnes division, that is, the Stokes land, and that plaintiff and her ancestors in title had been in possession of the land for more than twenty years.

The deeds to plaintiff describe the land in the language used to describe lot 3 in the Barnes division.  The distances there given are in chains.  In 1951 plaintiff employed the witness Johnson to survey her land.  He did so and made a map.  The courses and distances shown on his map form the basis for the description set out in the complaint. The courses shown on his map vary from the calls in the Barnes division from one degree to a degree and a half.  Distances on the map are shown in feet.  The Johnson map shows the entire land described in the complaint, the portion thereof claimed by the defendants, the small area (about four acres) cleared by the defendants, the location of the old R. S. Townsend home, highways intersecting the land, canals and other physical objects.  Johnson testified that defendants were present when he made his survey.  He testified that his map correctly depicted the land described in the deeds to plaintiff.  The map was offered in evidence.  The referee ruled with respect to this map and the other two maps offered in evidence by plaintiff that they could be "considered only as they illustrate the testimony of the witnesses for both sides." The map was not of itself substantive evidence.  It was a mere means used by the witness to convey to the fact finder a description of what he did, where he went, and what he found.  It was proper to so use it. *Poole v. Gentry,* 229 N.C. 266, 49 S.E. 2d 464; *McKay v. Bullard,* 219 N.C. 589, 14 S.E. 2d 657; Stansbury, N. C. Evidence, sec. 34.

The Barnes land was a large tract.  The lots assigned to his heirs are subdivisions of that tract.  By the express language in the division, lot 4 lies immediately east of lot 3.  Johnson, the surveyor, using the report of the commissioners in the Barnes division, made a sketch or plan depicting the relative location of the various tracts in the subdivision.  It was competent for that purpose and illustrative of his and Stone's, the court surveyor's testimony that the land in controversy was within the boundaries of lot 3 of the Barnes division.

Defendants offered in evidence a timber deed executed by their ancestors in title.  That deed did not give course and distance of the land on which the timber was conveyed.  Defendants then offered a judgment by the owner of the timber against the parties conveying the timber in which the land was described by metes and bounds.  Defendants contended the land described in the timber deed, as its boundaries were declared by the judgment, included the land in controversy.  A

witness for defendant testified that the description set out in the judgment included the land in controversy. The court surveyor testified that the description contained in the judgment did not cover the land in controversy. He was asked if he could show the location of the land described in that judgment with respect to the land in controversy. He made a sketch showing the land in controversy and the description in the judgment. This was likewise offered in evidence. It was received only for the purpose of explaining the testimony of the witness as to the location of the land described in the judgment.

Neither of the maps last referred to were treated as substantive evidence. The witnesses testified without objection that the land in controversy was or was not within the boundaries of the instruments offered in evidence. Even if objection had been taken, it would seem that the evidence was competent. *Singleton v. Roebuck,* 178 N.C. 201, 100 S.E. 313. If the description did not include the land in controversy as the witness testified, it was competent for him to show where it was situate with respect to the land in controversy, that is, that it was adjacent but not a part of the land in controversy.

It is true, as contended by defendants, that the statute, G.S. 1-195, prescribing the form of a referee's report only requires him to make findings of fact, conclusions of law, and his decision. A failure to do more than the minimum required by the statute is not prejudicial error. *Barbee v. Green,* 92 N.C. 471. The referee, Mr. McKinnon, was meticulous in conforming to the provisions of the statute. Defendants do not complain of his compliance. Their complaint is that he did more than was required of him, that to assist the court in its review of the evidence, the exceptions, and conclusions of law, the referee included an analysis consisting of a statement of the contentions, a summary of the evidence relating to each contention, and his view of the law. Doubtless this so-called History of Case proved helpful to the court when called upon to hear and pass on defendants' exceptions. It has proven helpful to us. It would seem that no exceptions were necessary to the analysis so made; but exceptions were taken and overruled. Defendants have failed to demonstrate that the court erred in so doing.

Affirmed.